Bernice BELL, Appellant,

v.

Norman L. BELL et al., Appellees.

No. 7004.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 7, 1968.

Rehearing Denied Dec. 4, 1968.

Engel, Groom, Miglicco & Sullins, Thompson & Hippard, Houston, for appellant.

King, Sharfstein & Rienstra, Keith, Mehaffey & Weber, Beaumont, for appellees.

STEPHENSON, Justice.

Plaintiff, Bernice Bell, brought this action against defendants, Norman Bell, her former husband, John L. Bell, an attorney, Bell Oil Company, a Texas Corporation, and Bell Oil Company of Louisiana, a Louisiana Corporation. Damages based upon allegations of fraud were sought against all defendants, damages based upon negligence were sought against defendant, John L. Bell, and, in the alternative, equitable relief was sought, including the setting aside of judgments which had been entered in Cause No. A–82423 and in Cause No. 60259–C. Cause No. A–82423 was a suit filed in the same court in which this present

suit was filed, and was a joint petition filed by Bernice Bell and Norman Bell, seeking a judicial partition of their community property under Article 4624a Vernon's Ann.Civ.St. Cause No. 60259–C was a divorce suit brought by Norman Bell against Bernice Bell in the Domestic Relations Court of Jefferson County, Texas. Defendants filed pleadings which were designated as "Pleas in Abatement" and following a hearing, judgment was entered sustaining such pleas in abatement and dismissing plaintiff's suit. The parties will be designated here as they were in the trial court.

The record in this case shows the divorce suit, Cause No. 60259–C, was filed January 28, 1964 and judgment was entered granting the divorce April 3, 1964. The agreement dividing the community estate is dated March 26, 1964, and the judgment approving such division, in Cause No. A–82423, was entered March 30, 1964. Plaintiff's original petition was filed in this present suit March 31, 1966.

A copy of the list of assets and liabilities and the division as approved by the court in Cause No. A–82423 showed the plaintiff received, together with other assets, 7,985 shares of stock in Bell Oil Company, valued at $168,962.60 and 1,043 shares of stock in Bell Oil Company of Louisiana, valued at $29,292.66, and defendant, Norman Bell, received 8,840 shares of Bell Oil Company, valued at $187,054.40 and 3,276 shares of Bell Oil Company of Louisiana, valued at $92,006.46.

Plaintiff alleged in the third amended original petition as fraud: That defendants misrepresented the fair value of the above stocks in order to get her to agree to such division. That she was given a note in the amount of $35,580.45, which represented the difference shown by the division of the community property in Cause No. A–82423, which note was non-interest bearing and therefore had less value than as represented. That because of misrepresentations as to the value of such stock, she sold the stock allotted to her in the partition to defendants at less than the fair value of the stock. That she received notes for the sale of the stock which were non-interest bearing and therefore the true value of such notes was less than as represented. That plaintiff was not informed by defendants that she would have to pay income tax on imputed interest on such notes. That defendant, Norman Bell, told plaintiff he would remarry her later.

Plaintiff also alleged, in the alternative, that defendant, John L. Bell, was negligent in representing both she and her husband when there was a conflict of interest between them and that the acts of fraud alleged above on his part were also negligence.

The pleas in abatement filed by the defendants contained the following allegations: That plaintiff's action constitutes a collateral attack upon the judgment entered by the court in Cause No. A–82423 and that it alleged only intrinsic fraud and not extrinsic fraud. That the prior judgment entered in Cause No. A–82423 was res judicata of the rights existing between the parties. The plea in abatement filed by defendant, John L. Bell, in addition to the foregoing, also alleged that plaintiff made no allegations as to negligence until she filed her second amended original petition December 15, 1967, and therefore was barred by limitations.

The order of the trial court sustaining the pleas in abatement gave no reason why such action was taken, and findings of fact and conclusions of law were neither requested nor filed.

■  Plaintiff's first point of error is that she was not making a collateral attack upon the judgment in Cause No. A–82423, but that if she was, she had alleged extrinsic fraud. This point is overruled. At the time the events complained of herein occurred, Article 4624a V.A.C.S. provided in part as follows:

If such instrument purports to exchange property or to partition property between

the husband and wife, otherwise than as equal undivided interest in the same property, or as equal shares or units of identical personal property, such instrument shall not be valid unless approved by the Court upon written application of the husband and wife, addressed to the District Court of the county in which they or either of them reside. Such petition must set out facts showing that the transaction is not to the disadvantage of the wife, and shall be filed and docketed as in other cases, and at any time thereafter the District Court may, in term time, take up and hear said petition and evidence in regard thereto, and enter an order accordingly either approving or disapproving the transaction.

The judgment rendered in Cause No. A–82423 recited the appearance of the parties, and the fact that evidence was heard and considered, and the finding by the court that the partition of the community property was not to the disadvantage of the wife, and that it was just and fair to her, and the partition was approved. According to the rule stated by the Supreme Court of Texas in Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, the matters complained of by plaintiff in this case would constitute intrinsic fraud and would not entitle plaintiff to have the judgment of the trial court set aside. Bankston v. Bankston, Tex.Civ.App., 251 S.W.2d 768.

■ Plaintiff's second point of error is that the pleas in abatement could not reach that portion of plaintiff's cause of action which arose after the judgments were rendered in both the divorce suit and the action to partition the community property. This point of error is sustained. It is argued by defendants that the court in Cause No. A–82423 made a judicial determination of the value of the stock by its judgment entered March 30, 1964 approving the division of the community property, and "this is foreclosed under the doctrine of res adjudicata." Defendants cite the Supreme Court case of Davis v. First Nat. Bank of Waco, 136 Tex. 36, 161

S.W.2d 467, 144 A.L.R. 1, to support this argument. However, it is clearly stated in this Davis case as follows:

It is a settled rule of law that, to operate as an estoppel against a party to a judgment, the decision must be of a fact directly involved in and necessary to the determination of the issue presented to the court.

The trial court did not determine, and could not have determined, that defendants were guilty or were not guilty of fraud in inducing her to sell the stock she received by the partition, after the date of the judgment awarding her such stock. Plaintiff is entitled to have this matter litigated.

■■ Plaintiff's third point of error is that the cause of action based upon negligence alleged as to defendant, John L. Bell, was not barred by the statute of limitation. As above stated, plaintiff's original petition was filed March 31, 1966, and contained no mention of negligence on the part of anyone. Then December 15, 1967, by amended petition, it was alleged that the same acts on the part of this defendant which had been alleged to constitute fraud, were also alleged to be negligence. The general rule is that an action in tort accrues in the absence of fraudulent concealment, when the tort is committed and is controlled by the two year statute of limitation. Article 5526 V.A. C.S. It is therefore clear that any action based upon acts of negligence before March 30, 1964, in the absence of fraudulent concealment, would be barred on March 30, 1966. Any allegations as to acts of fraud on the part of defendant, John L. Bell, after March 30, 1964, contained in the plaintiff's original petition could be also alleged as negligence in an amended pleading without being barred by the statute of limitation. We would not construe such amended pleading to be stating a new cause of action wholly based upon and growing out of a new, distinct or different transaction or occurrence. Leonard v. Texaco, Inc. (Tex.) 422 S.W.2d 160.

Inasmuch as this case must be affirmed in part and reversed in part because of the matters set forth above, the trial court should control the pleadings and the evidence in accordance with the above statements of law relating to the statute of limitation. Rule 434 Texas Rules of Civil Procedure.

That portion of the trial court's judgment dismissing the plaintiff's cause of action seeking damages based upon fraud in inducing plaintiff to enter into the partition agreement which was approved by judgment of the court in Cause No. A–82423 and that portion of the trial court's judgment dismissing plaintiff's alternative cause of action seeking to set aside the judgment in Cause No. A–82423 are affirmed. Plaintiff's cause of action not attacking judgment in Cause No. A–82423 is remanded for a new trial.