Florence M. DAVES et al., Appellants,

v.

**LAWYERS SURETY CORPORATION**
et al., Appellees.

No. 8075.

Court of Civil Appeals of Texas,
Amarillo.

Oct. 5, 1970.

Rehearing Denied Nov. 2, 1970.

Sheehan & Dubuque, and Louis T. Dubuque, Dumas, for appellants.

Richards & Ferguson, and Floyd H. Richards, Dalhart, for appellees.

DENTON, Chief Justice.

This is an appeal from a summary judgment in favor of appellees, defendants below, that appellants, plaintiff below, take nothing. The suit is by Florence M. Daves against the County Clerk and his Deputy of Hartley County, Texas and the sureties on the clerk's bond for the breach of the clerk's duty. Both plaintiffs and defendants filed motions for summary judgment. The trial court granted the defendants' motion, hence this appeal by the plaintiffs below.

On November 10, 1965, Florence M. Daves, Individually and as Independent Executrix of the Estate of John J. Daves, Deceased, obtained a judgment in the district court of Dallam County against Jewel McBurnett, Individually and as Administratrix of the Estate of Guy McBurnett, Deceased; and Robert L. Dennett and wife, Peggy J. Dennett. Later that same month the attorney for Mrs. Daves mailed an abstract of that judgment to Noble Thomas, County Clerk of Hartley County, for the purpose of recording the abstract of judgment in Hartley County. On December 1, 1965, Sue Cash, Deputy County Clerk, executed a certificate stating that the abstract of judgment had been recorded in the judgment records and entered upon the index to the judgment records. Subsequently, Peggy J. Dennett, a defendant in the Dallam County judgment, inherited an undivided one-half interest in some real property in Hartley County. She later conveyed her interest to her mother, Mrs. Jewel McBurnett, who in turn conveyed the property to Joe L. Smith, Sr. On November 10, 1967, Smith filed suit against Florence Daves to remove the abstract of judgment lien as a cloud on the title to this property. By affidavit it is shown appellants' attorney discovered the abstract of judgment was not properly recorded in March, 1968. In April, 1969 the district court of Hartley County entered judgment removing the abstract of judgment as a cloud on Smith's property. On May 7, 1969 appellants filed this suit against Noble Thomas, the County Clerk of Hartley County at all times material here, his deputy, Sue Cash, and Lawyers Surety Corporation, his surety on the clerk's bond, dated January, 1963. It is admitted the abstract of judgment was not properly recorded by the deputy clerk in that it was not indexed under the name of each plaintiff and each defendant.

The defendants below in its motion for summary judgment pleaded the suit was barred by the two-year statute of limitation. Article 5526, Vernon's Ann.Civ. St. Appellants concede that cases involving official bonds which only require the official to properly discharge the duties required of him by law are controlled by the two-year statute of limitation. However, the contention is made that because the obligation under Thomas' bond was not only that Thomas "shall faithfully perform and discharge all duties required of him by law as County Clerk aforesaid," but

the additional obligation "shall safe-keep the records of his office," makes the action one upon a contract in writing, to-wit, the statutory bond. The obligation that the clerk "shall safe-keep the records of his office" does not create an additional contractual duty but merely requires him to perform his official duties as required by statute. Article 6652, V.A.C.S.

■ It is well established in this state that the bond of an officer for the performance of official duties is collateral security for the performance of such duty. The obligation sought to be enforced was created by statute. Statutory obligations are subject to the two-year statute of limitations. Hatcher v. State (Com.App.) 81 S.W.2d 499 (Opinion Adopted); Cowart v. Russell (Com.App.) 135 Tex. 562, 144 S.W.2d 249 (Opinion Adopted); Hodges v. Price (Tex.Civ.App.) 163 S.W.2d 868 (Ref. want of merit); Lawyers Surety Corp. v. Gulf Coast Investment Corp. (Tex.Civ.App.) 410 S.W.2d 654 (N.R.E.), Tex., 416 S.W.2d 779.

Under the second point, appellants contend there is a material fact issue as to whether or not the statute of limitation was tolled by the concealment of the failure of the county clerk and his deputy to properly perform their duties.

It is undisputed the deputy clerk incorrectly indexed the abstract of judgment in that it was not indexed under the names of each plaintiff and each defendant in the judgment. Appellees take the position the cause of action accrued on December 1, 1965, the date the abstract of judgment was recorded and indexed. If this be so, appellees' motion for summary judgment was correctly granted since the present suit was filed May 7, 1969, more than two years after the date appellees contend the cause of action accrued.

■ The burden of proof is upon the appellees to establish that there was no material issue of fact as to the tolling of the statute of limitation. Appellants

pleaded the tolling of the statute in both their amended petition and answer to appellees' motion for summary judgment. They alleged that they had no knowledge of its cause of action against appellees, inasmuch as appellees had concealed the cause of action by issuing a certificate which stated the judgment had been properly recorded and indexed; that the appellees relied on the certificate, and did not have actual knowledge of the incorrect indexing until March, 1968.

■ Under this record we are confronted with constructive or legal fraud and not actual fraud. Constructive fraud is the breach of legal or equitable duty which, irrespective of moral guilt, declared by law to be fraudulent because of its tendency to deceive others, or violate confidence. Archer v. Griffith, 390 S.W.2d 735 (Tex.Sup.1964); 37 C.J.S. Fraud, § 2.

■ It is well established that fraud prevents the running of the statute of limitations until it is discovered, or by the exercise of reasonable diligence it might have been discovered. However, knowledge of the facts that would cause a reasonably prudent person to make inquiry which, if pursued, would lead to the discovery of fraud, is in law equivalent to knowledge of fraud. Sherman v. Sipper, 137 Tex. 85, 152 S.W.2d 319; Ruebeck v. Hunt, 142 Tex. 167, 176 S.W.2d 738; City of Port Arthur v. Tillman (Tex. Civ.App.) 382 S.W.2d 138. Ordinarily, what constitutes reasonable diligence to discover fraud is a question of fact. Ruebeck v. Hunt, supra. Brownson v. New (Tex.Civ.App.) 259 S.W.2d 277 (Writ. Dism.); Edsall v. Edsall (Tex.Civ.App.) 238 S.W.2d 285 (Ref. N.R.E.).

The summary judgment proof shows the abstract of judgment was recorded in the Hartley County Clerk's records on December 1, 1965; that on this date the deputy clerk executed a certificate which stated the abstract of judgment had been properly recorded and indexed; that such certificate was received by appellants' attor-

ney and was relied upon by appellants. Subsequently Peggy J. Dennett, a defendant in the original Dallam County judgment, inherited an undivided one-half interest in some real property in Hartley County; this property was subsequently conveyed by Mrs. Dennett to her mother, Jewel McBurnett, also a defendant in the Dallam County judgment. Mrs. McBurnett then conveyed this same Hartley County property to Joe L. Smith, Sr. On November 10, 1967, Smith filed suit against Florence Daves, appellant here, in the district court of Hartley County to remove the abstract of judgment lien as a cloud on their title. In March, 1968 appellants' attorney learned of the improper indexing of the abstract of judgment from an affidavit of Smith's attorney. On April 14, 1969, the district court of Hartley County rendered judgment to remove the abstract of judgment as a cloud on Smith's title because of the improper indexing of the abstract of judgment. The present case was filed May 7, 1969.

Appellees submitted affidavits by Thomas and Sue Cash in addition to the affidavit of Grady Belew, Thomas' successor as Hartley County Clerk. These affidavits show the clerk's records were open to the public at all times and could have been inspected by any person at any time upon request. Appellees argue appellants are charged with the knowledge of the incorrect indexing and that appellants' cause of action accrued on December 1, 1965, the date of the recording and indexing of the abstract of judgment.

We cannot say that the summary judgment evidence conclusively established that appellants discovered the constructive fraud participated in by appellees, or by reasonable diligence could have done so more than two years prior to the filing of the case at bar on May 7, 1969. The clerk's certificate stated the abstract of judgment had been recorded and indexed in the "names of each plaintiff and each defendant." Appellants were requested to release the abstract of judgment by Smith,

and Smith subsequently filed suit against appellants to remove this lien. The occurrence of these events, which would tend to lead a reasonable person to believe the abstract of judgment had been properly recorded and indexed, was not refuted by any proof offered by appellees.

Under this record reasonable minds could differ as to whether appellants or their attorney acted with reasonable diligence in discovering the constructive fraud. A genuine issue of material fact is presented. In our view, appellees did not establish, as a matter of law, that appellants' cause of action was barred by the two-year statute of limitations.

The judgment of the trial court is reversed and the cause is remanded.