**EXECUTIVE COMMITTEE OF the EL PASO COUNTY REPUBLICAN PARTY, Appellant,**

v.

**John R. KARR, Appellee.**

**No. 6414.**

Court of Civil Appeals of Texas, El Paso.

March 19, 1975.

Ward L. Koehler, El Paso, for appellant.

Bart Cox, El Paso, for appellee.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

Appellee Karr, as plaintiff, recovered judgment against Appellant for an overassessment of his filing fee as a candidate for Congress in the Republican primary. Trial was before the Court without a jury and resulted in the judgment in the amount of $786.25. We are of the opinion that the learned trial Judge erred in his application of the two-year statute of limitations and that the judgment should be reversed.

Appellee was notified by Appellant on February 10, 1970, as to the

amount of his filing fee and he paid such amount on February 23, 1970, under protest and reserved his right to later contest the fee as being excessive. This suit was filed April 11, 1972. Appellant defended on the ground that the suit was barred by the two-year statute of limitations. Vernon's Tex.Rev.Civ.Stat.Ann. art. 5526. No case has been found deciding whether a cause of action for excessive filing fees comes under the two or four-year statutes of limitations. Appellee's cause of action was the allegation that according to the provisions of Article 13.08 (as it then existed) of the Texas Election Code, V.A.T. S., the maximum filing fee for the office which he sought should have been $106.25, and the amount which he was assessed, $892.50, was grossly excessive. Thus, Appellee's cause of action is founded on the failure of the Appellant to properly assess under the provisions of Article 13.08, and that amounts to a violation of a statutory duty. Suits based on statutory obligations are subject to the two-year statute of limitations. Hatcher v. State, 125 Tex. 84, 81 S.W.2d 499 (1935); Cowart v. Russell, 135 Tex. 562, 144 S.W.2d 249 (1940); Hodges v. Price, 163 S.W.2d 868 (Tex.Civ.App.—Galveston 1942, writ ref'd w. o. m.); Lawyers Surety Corporation v. Gulf Coast Investment Corporation, 410 S.W.2d 654 (Tex.Civ.App.—Tyler), writ ref'd n. r. e., 416 S.W.2d 779 (Tex.1967); Daves v. Lawyers Surety Corporation, 459 S.W.2d 655 (Tex.Civ.App.—Amarillo 1970, writ ref'd n. r. e.). Appellant breached a duty imposed by statute in fixing the excessive filing fee, and the cause of action created thereby is barred by the two-year statute of limitations under the facts of this case.

The statute of limitations begins to run when the cause of action accrues. Atkins v. Crosland, 417 S.W.2d 150 (Tex. 1967), 26 A.L.R.3d 1431. And a cause of action accrues when facts arise upon which one can assert a claim for relief. Puretex Lemon Juice, Inc. v. S. Riekes & Sons of Dallas, Inc., 351 S.W.2d 119 (Tex.Civ.App. —San Antonio 1961, writ ref'd n. r. e.). And in this case, the cause of action accrued on February 23, 1970, when Appellee paid the excessive fee. The assessment when made on February 10th was illegal and when Appellee made payment on February 23rd he was then entitled to sue for recovery of the excessive fee. This suit was filed more than two years later on April 11, 1972. We observe that the same facts existed at the time suit was filed as existed on February 23, 1970.

In a separate cause of action, Appellee sued "The El Paso County Republican Party" on February 22, 1972. By a cross-point, Appellee now prays that in the event of a reversal we should hold that The El Paso County Republican Party is a legal entity and a proper party defendant. He asks that we reform the judgment in this cause so that the judgment can be entered against The El Paso County Republican Party in the other cause. Appellee in his brief says that the two causes were consolidated in the trial Court. There is nothing in the record to indicate this. Only the case filed April 11, 1972, has been appealed to this Court and there is nothing in the record to indicate a consolidation. The cross-point is overruled.

Appellant having pled the two-year statute of limitations and the proof being that more than two years elapsed before the suit was filed, the trial Court erred in granting judgment for Appellee. The judgment of the trial Court is reversed and judgment is here rendered for Appellant.