**Gregory LUNA, Appellant,**

v.

**FRITO–LAY, INC., Appellee.**

**No. 07–86–0098–CV.**

Court of Appeals of Texas,
Amarillo.

March 18, 1987.

Rehearing Denied April 16, 1987.

Mary Alice McLarty, Lubbock, for appellant.

Terrill, Hale & Grantham, Kent Hale, Lubbock, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

BOYD, Justice.

The Court's opinion rendered March 17, 1987 in this cause is withdrawn and, in lieu thereof, the following opinion is substituted.

Appellant Gregory Luna appeals from a summary judgment entered against him in favor of appellee Frito-Lay, Inc. Appellant had sued for wrongful discharge from employment pursuant to article 8307c of the Texas Revised Civil Statutes Annotated (Vernon Supp.1987), and summary judgment was granted on the basis that the action was barred by the statute of limitations. We affirm the judgment.

In two points of error, appellant contends that the trial court erred in awarding summary judgment because (1) the applicable statute of limitations is a four-year period as prescribed in former article 5527 (as amended by Act of June 13, 1979, ch. 716, § 2, 1979 Tex.Gen. & Spec.Laws 1769) or former article 5529 both of the Texas Revised Civil Statutes Annotated (Vernon 1958) instead of the two year statute in former article 5526 of the Texas Revised Civil Statutes Annotated (Vernon 1958) (as amended by Act of June 13, 1979, ch. 716, § 1, 1979 Tex.Gen. & Spec.Laws 1786),* and (2) if the applicable statute of limitations is the two year period, a fact issue was raised as to whether appellant filed his lawsuit within two years.

Appellant suffered an on-the-job injury on January 23, 1981 while employed by appellee. He was absent from work for approximately 180 days and received workers' compensation. Appellant was then re-

* Articles 5526, 5527, and 5529 were codified as of September 1, 1985 into Sections 16.003, 16.004, and 16.051, respectively, of the Texas Civil Practice and Remedies Code Annotated (Vernon 1986).

leased for light-duty work in April 1983 but was informed no such work was available. He was told by his physician that if he lost twenty to thirty pounds, he could return to work with a full release. After losing thirty pounds, he notified appellee's agent on May 31, 1983 that he had lost the required weight. However, he was told that someone else had been hired for his job. Appellant did not see his physician until August 15, 1983 when he obtained a full release for work. On September 17, 1983, appellant spoke with appellee's bookkeeper and informed her he could return to work. She, in turn, told him that another employee had been hired for the position. Appellant filed his petition seeking damages for wrongful discharge on June 3, 1985.

In his first point of error, appellant claims that the applicable statute of limitations for an action filed pursuant to article 8307c is that set forth in former article 5526. Article 8307c, section 1, provides that "[n]o person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding."

Former article 5526 provided:

There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions of suits in court of the following description:

1. Actions of trespass for injury done to the estate or the property of another.

2. Actions for detaining the personal property of another, and for converting such property to one's own use.

3. Actions for taking or carrying away the goods and chattels of another.

4. Action for injury done to the person of another.

5. Action for injury done to the person of another where death ensued from such injury; and the cause of action shall be considered as having accrued at the death of the party injured.

6. Actions of forcible entry and forcible detainer.

Former article 5527 provided in pertinent part:

There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

1. Actions for debt.

Former article 5529 provided:

Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward.

We note initially that the provisions of article 5527 were not presented as a defense to the motion for summary judgment and were raised for the first time on appeal. Therefore, no error is presented for our review in this regard. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678–79 (Tex.1979).

The issue for our determination, then, becomes one of whether this suit for wrongful discharge pursuant to statute falls under the two year limitations period in article 5526 or falls under the catchall provision of article 5529. In essence, we must decide whether this cause of action sounds in tort, contract, or falls under some other category.

Appellee inferentially relies on *Smith v. Coffee's Shop for Boys & Men, Inc.*, 536 S.W.2d 83 (Tex.Civ.App.—Amarillo 1976, no writ), for the proposition that article 5526 is the applicable statute. In that case, Norene M. Smith, a tailor for Coffee's Shop, suffered an ankle injury in the course of her employment and her claim for workmen's compensation was settled. After Smith was advised that she was physically able to return to work, she was asked to return to work immediately; however, she took a two week vacation. At the end of her vacation, Coffee's refused to allow her to return to work. Smith filed suit pursuant to article 8307c, and Coffee's Shop moved for summary judgment which

was granted on the basis that Smith's claim was barred by the two year statute of limitations in article 5526. On appeal, Smith conceded that the two year statute of limitations barred any claim under article 8307c for discriminatory discharge but attempted to enlarge other provisions of the statute to include her claims. Because of Smith's concession, we had no reason in that case to specifically hold that the two year limitation was the applicable limitation period for that cause of action under article 8307c.

Causes of action for wrongful discharge are usually based upon a contract of employment, either written or oral, which has been breached in some respect. However, the legislature has also created certain statutory causes of action for wrongful discharge, such as article 8307c, which fall outside of the normal common law rules. *See Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733, 734, 735 (Tex.1985). We note parenthetically that statutory obligations have historically been subject to a two year statute of limitations in this state. *Executive Committee of El Paso County Republican Party v. Karr*, 521 S.W.2d 147, 148 (Tex.Civ.App.—El Paso 1975, no writ); *Daves v. Lawyers Surety Corporation*, 459 S.W.2d 655, 657 (Tex.Civ.App.—Amarillo 1970, writ ref'd n.r.e.).

■ A tort is defined as "[a] legal wrong committed upon the person or property, independent of contract ... [and] [t]here must always be a violation of some duty owing to plaintiff, and generally such duty must arise by operation of law and not by mere agreement of the parties." Black's Law Dictionary 1335 (5th ed. 1979). *See also International Printing Pressmen and Ass'ts Union v. Smith*, 145 Tex. 399, 198 S.W.2d 729, 735 (Tex.1946); *Ford Motor Company v. Russell & Smith Ford Company*, 474 S.W.2d 549, 561 (Tex.Civ. App.—Houston [14th Dist.] 1971, no writ). The statutory obligation not to discharge an employee for instituting a workers' compensation proceeding under article 8307c is a duty that arises separate and independent of any contractual obligations between the parties. We therefore find that

this cause more nearly resembles an action in tort and would be governed by the two year statute of limitations. *Cf. Kline v. North Texas State University*, 782 F.2d 1229, 1232 (5th Cir.1986); *Braden v. Texas A & M University System*, 636 F.2d 90, 92 (5th Cir.1981). Appellant's first point is overruled.

■ Under his second point, appellant claims that even if the two year limitation period is applicable, summary judgment should have have been granted because a fact issue was raised as to the actual date of his discharge. A movant for summary judgment must establish his entitlement to summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause as a matter of law. The nonmovant must expressly present any reasons seeking to avoid the summary judgment and present summary judgment proof when necessary to establish a fact issue. *City of Houston v. Clear Creek Basin Authority, supra.*

By affidavit attached to his response to the motion for summary judgment, appellant says that he received a light duty release in April 1983 but was informed that no light duty work was available. He had been told by his doctor he could return to work if he lost twenty to thirty pounds. He had lost the weight by May 31, 1983 and informed a representative of appellee, Dale Williams, that he had been told he could go back to work at his current weight and that he could do heavy lifting. Dale Williams is identified as a manager of appellee in appellant's first amended petition. Williams informed appellant that he had hired someone else and could no longer use him. Appellant attempted to see his physician, who had gone overseas for three weeks, and was not able to receive a full work release until August 15, 1983. On September 17, 1983, he returned a phone call made to him by appellee's bookkeeper Edna Sanders who asked him to return his keys. Appellant told her he had a full work release and wanted to return to work but she replied that someone else had been hired for his job.

**628**

In his original petition, appellant alleged he was terminated as of May 20, 1983. However, in response to the motion for summary judgment, he filed an amended petition omitting that allegation. Within the meaning of former article 5526, the cause of action accrues when facts exist which authorize the claimant to seek judicial relief. *Williams v. Pure Oil Co.*, 124 Tex. 341, 78 S.W.2d 929, 931 (1935); *Lowery v. Juvenal*, 559 S.W.2d 119, 121 (Tex. Civ.App.—Amarillo 1977, writ ref'd n.r.e.). We note that accrual of an action for termination of employment under federal statutes occurs when the employee is informed that his employment will be terminated, not when it actually is terminated. *Delaware State College v. Ricks*, 449 U.S. 250, 258–59, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980).

On May 31, 1983, appellant informed his manager that he had lost the weight necessary for him to return to work. He was told at that time that he had been replaced and the company could not use him anymore. This constituted a discharge regardless of whether he had actually received a full release from his doctor. Appellant himself took this to be a discharge because the only other time he spoke with a representative of appellee after receiving a full work release was when he returned a telephone call from appellee's bookkeeper. No fact issue required to go to a jury was raised by the evidence. Appellant's second point is overruled.

Both of appellant's points are overruled, and there being no reversible error, the judgment of the trial court is affirmed.