**Max WIDER and Standard Wholesale, Appellants,**

v.

**FIRST CITY BANK OF DALLAS, Appellee.**

**No. 05–89–01121–CV.**

Court of Appeals of Texas, Dallas.

Dec. 31, 1990.

Rehearing Denied Jan. 28, 1991.

Bretton C. Gerard, Ira E. Tobolowsky, Dallas, for appellants.

John F. Maxfield, Dallas, for appellee.

Before STEWART, BURNETT and WHITTINGTON, JJ.

## OPINION ON MOTION FOR REHEARING

WHITTINGTON, Justice.

Our prior opinion and judgment of October 10, 1990 is withdrawn and this opinion is substituted in its stead.

Max Wider and Standard Wholesale (Wider) appeal from a summary judgment granted in favor of First City Bank of Dallas (First City). In two points of error, Wider contends that the trial court erred in granting First City's motion for summary judgment because: (1) the applicable statute of limitations for an action brought for a violation of a statute, Texas Business and Commerce Code (BCC) section 4.302, is four years under section 16.051 of Texas Civil Practice and Remedies Code (CPRC); and (2) a suit for a violation of BCC section 4.302 can also be properly characterized as an action for debt, and is, therefore, governed by the four-year statute of limitations set forth in section 16.004(a)(3) of the CPRC. We affirm in part and reverse and remand in part.

### FACTS

In his petition, Wider alleged that he had business dealings with Ronald Cohen. Cohen issued a series of checks payable to Wider and drawn on Cohen's account with First City. Wider deposited the checks in July of 1983 at his own bank. However, when the checks were presented to First City for payment, First City allegedly held the checks beyond the statutory "midnight deadline" without settlement, payment, return or timely notice of dishonor in violation of section 4.302 [1] of the BCC. Later, the checks were returned unpaid. [2] Wider filed suit to recover the amount of the nine checks from First City.

In his petition, Wider alleged causes of action against First City [3] for: (1) violation of section 4.302 of the BCC; (2) failure to use ordinary care; and (3) failure to exercise good faith and deal fairly in connection with First City's alleged holding of the checks beyond the midnight deadline specified in section 4.302 of the BCC.

First City filed a motion for summary judgment alleging that Wider's causes of action were barred by limitations. First City alleged, *inter alia*, that because Wider's First Amended Original Petition was not filed until three years and eleven months after the date the causes of action accrued, Wider's claims were barred under the two-year limitations period set forth in section 16.003 of the CPRC. In his response to the motion, Wider alleged that his actions were actions based upon a debt and also upon strict statutory liability. Wider contended that CPRC section 16.004 [4] or, alternatively, CPRC section 16.051 [5] were the applicable limitations statutes. The trial court granted First City's motion for summary judgment holding that a two-year statute of limitations barred

---

**1.** Section 4.302 says, *inter alia*, that a bank is "accountable" for the amount of a check it retains beyond midnight of the banking day of receipt without settling for it, paying, returning the item or sending notice of dishonor. TEX.BUS. & COM.CODE ANN. § 4.302 (Vernon 1968).

**2.** Wider sent the checks through once again and seven of the nine were allegedly paid.

**3.** Wider also alleged causes of action against Haltom Bank; however, the causes of action

against Haltom Bank were dismissed subsequent to settlement.

**4.** Four year statute governing suit on a debt. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.004 (Vernon 1986).

**5.** Four year catch-all or residual statute. *See* TEX.CIV.PRAC. & REM.CODE § 16.051 (Vernon 1986).

Wider's claims, without specifying which statute was applicable.

## STANDARD OF REVIEW

The function of a summary judgment is not to deprive a litigant of his right to a full hearing on the merits of any real issue of fact, but to eliminate patently unmeritorious claims and untenable defenses. *Gulbenkian v. Penn*, 151 Tex. 412, 415–16, 252 S.W.2d 929, 931 (1952). The standards for reviewing a motion for summary judgment are well established. They are as follows:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548–49 (Tex. 1985). The defendant, as movant, must establish his entitlement to summary judgment on the issues presented by conclusive proof of his defense as a matter of law. *Hill v. Milani*, 678 S.W.2d 203–04 (Tex. App.—Austin 1984), *aff'd*, 686 S.W.2d 610 (Tex.1985).

In his first point of error, Wider contends that the trial court erred in granting First City's motion for summary judgment because the statute of limitations applicable to a cause of action for a violation of a statute is the four-year limitations statute, section 16.051 of the CPRC. In reply, First City, in its brief, contends that all three causes of action alleged by Wider sound in tort and, accordingly, a two-year statute of limitations should apply, as tort actions are generally covered by two-year statutes of limitation. We hold that a suit for violation of section 4.302 of the BCC is properly characterized as a suit for strict statutory liability. *See New Ulm State Bank v. Brown*, 558 S.W.2d 20, 28 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ); *Marfa Nat'l Bank v. Powell*, 512 S.W.2d 356, 358 (Tex.Civ.App.—El Paso 1974, writ ref'd n.r. e.). We must now decide which statute of limitations applies to such cause of action.

Assuming, without deciding, that Wider has properly stated a cause of action for violation of a statutorily imposed duty, we hold that the applicable statute of limitations is the "residual" or "catch-all" statute: former article 5529, now section 16.051 of the CPRC. TEX.REV.CIV.STAT.ANN. art. 5529, *repealed by* [6] Act of Sept. 1, 1985, ch. 959, sec. 9, 1985 TEX.GEN.LAWS 3242, 3322 ("every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years"). This holding follows the Texas Supreme Court's holding in *Williams v. Khalaf*, 802 S.W.2d 651 (Tex.1990). Violation of the statutorily imposed duty as the basis for the cause of action at bar is not specifically listed in former article 5526 or any other statute of limitations. *See* TEX.REV.CIV.STAT.ANN. art. 5526, *repealed by* Act of Sept. 1, 1985, ch. 959, sec. 9, 1985 TEX.GEN.LAWS 3242, 3322. Accordingly, because it is not so listed, this cause of action is governed by the four-year catch-all statute of limitations, article 5529. *Cf. Khalaf*, 802 S.W.2d at 658 (for any cause of action for which there is no express limitations period, the catch-all or residual statute of limitations applies). We sustain Wider's first point of error. The trial court's judgment as to Wider's claim for violation of BCC section 4.302 must be reversed. In light of our holding, we need not address Wider's other point of error.

The judgment is reversed as to Wider's cause of action for violation of BCC section 4.302 and is remanded to the trial court for proceedings consistent with this opinion.

---

**6.** Articles 5526, 5527, and 5529 were codified as of September 1, 1985, into section 16.003, 16.004, and 16.051, respectively, of the Texas Civil Practices and Remedies Code (Vernon 1986). This action accrued in 1983 before these statutes were codified. Accordingly, the uncodified statutes apply. *See Baldridge v. Howard*, 708 S.W.2d 62, 63 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

In all other respects, the judgment of the trial court is affirmed.