Carolyn WILLIAMS, Appellant,

v.

**FORT WORTH INDEPENDENT
SCHOOL DISTRICT,**
Appellee.

No. 2–91–021–CV.

Court of Appeals of Texas,
Fort Worth.

Oct. 8, 1991.

Rehearing Overruled Nov. 12, 1991.

Kristina Bline, Harrison & Bline, Burleson, for appellant.

Jo Ann S. Wright, Chappell & Handy, P.C., Fort Worth, for appellee.

Before WEAVER, C.J., and JOE SPURLOCK, II and FARRIS, JJ.

OPINION

WEAVER, Chief Justice.

Appellant, Carolyn Williams, was employed as a bus driver for appellee, Fort Worth Independent School District ("FWISD"). After sustaining injuries on November 4, 1988, from a collision while performing her duties, appellant filed a workers compensation claim which was settled between the parties on June 12, 1989. Before this claim was settled, appellant was released to return to work, only to find that she was terminated from employment by FWISD. On April 20, 1990, appellant filed a cause of action pursuant to TEX.REV. CIV.STAT.ANN. art. 8307c (Vernon Pamph. 1991), alleging she was terminated because she filed a good faith claim in a proceeding under the Texas Workers' Compensation Act, and sought damages for her wrongful discharge under that article.

The trial court, in granting FWISD's motion for summary judgment, in effect held that appellant's cause of action was barred due to appellant's failure to comply with the notice provisions of the Texas Tort Claims Act, TEX.CIV.PRAC. & REM.CODE ANN. § 101.101(a) (Vernon 1986). Lack of compliance with such notice requirements was the only basis for the FWISD's motion for summary judgment. That appellant did not give such notice is undisputed, and there are no contested fact issues before us.

The sole point for determination on appeal is whether an employee must comply with the notice provisions of the Texas Tort Claims Act § 101.101(a) in order to bring a cause of action under TEX.REV.CIV.STAT. ANN. art. 8307c. We hold that compliance with such notice provisions is not necessary. The summary judgment is reversed.

Appellant brings two points of error. Under her first point of error, appellant argues that article 8307c is available to her as a public employee. FWISD does not contest this argument. We consider this point to be intertwined with point of error number two.

Appellant argues under her second point of error, that article 8307c provides an ad-

ditional or alternative remedy to public employees outside the Texas Tort Claims Act. Article 8307c, in relevant part, states:

No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, ...

TEX.REV.CIV.STAT.ANN. art. 8307c, § 1 (Vernon Pamph.1991).

FWISD contends that appellant's claim for damages for wrongful discharge under article 8307c is an action in tort. It then contends that any tort claim, regardless of the grounds upon which it is based, must be brought following the procedural requirements of the Texas Tort Claims Act, specifically the notice requirements of such Act.

Appellant concedes that she is not seeking relief under the Texas Tort Claims Act, and argues that her cause of action is an additional remedy available to her under article 8307c. We agree and hold that her cause of action, even if it lies in tort, is maintainable under article 8307c, without the necessity of complying with the notice provisions of the Texas Tort Claims Act. We find some support for this holding in *Lyons v. Texas A & M University*, 545 S.W.2d 56 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.).

In further support of our holding, we note that section 101.057 of the Texas Tort Claims Act excludes from the Act any "[claim] arising out of ... any ... intentional tort, including a tort involving disciplinary action by school authorities." TEX. CIV.PRAC. & REM.CODE ANN. § 101.057(2) (Vernon 1986). A claim under article 8307c of the Texas Workers' Compensation Act would at least sound in an intentional tort, if it is not in fact an intentional tort. *See Luna v. Frito-Lay, Inc.*, 726 S.W.2d 624, 627 (Tex.App.—Amarillo 1987, no writ). Appellant's points of error are sustained.

The summary judgment issued by the trial court is reversed and this cause is remanded for a new trial.