Yolanda ALMAZAN

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, INC.

No. 04–92–00060–CV.

Court of Appeals of Texas, San Antonio.

Oct. 30, 1992.

Rehearing Denied Oct. 30, 1992.

Gov't Code Ann. § 74.003(b) (Vernon 1988).

John B. Benton, Benton, Dishongh & Jamal, San Antonio, for appellant.

James E. Hoffman, Asst. Vice President, Litigation, Labor Counsel, John J. Franco, Jr., Franklin Eastwood Wright, Groce, Locke & Hebdon, San Antonio, for appellee.

Before BUTTS, PEEPLES and BIERY, JJ.

## OPINION

PEEPLES, Justice.

The motion for rehearing is overruled. Our previous opinion is withdrawn and replaced by the following.

Plaintiff Almazan appeals from a take-nothing summary judgment. The trial court concluded that the summary judgment evidence refuted Almazan's contract cause of action as a matter of law, and that the two-year statute of limitations barred her other theories, which sound in tort. We affirm the judgment.

Almazan was injured at work in 1987. On August 24, 1988, her employer (defendant U.S.A.A.) fired her, stating that she had not kept it advised of her medical status. She filed this suit on September 28, 1990, alleging only breach of contract. She asserted that she and U.S.A.A. had an

agreement that she would not be dismissed without good cause, and that U.S.A.A. lacked good cause to dismiss her. On December 14, 1990, she filed an amended petition, alleging intentional infliction of emotional distress, tortious interference with prospective contractual relations, and violation of Tex.Rev.Civ.Stat.Ann. art. 8307c (Vernon Pamphlet 1992). U.S.A.A. moved for summary judgment on the grounds that Almazan's employment was at-will, which barred her breach of contract claim, and that the two-year statute of limitations barred the other theories of recovery. All of Almazan's pleadings were filed more than two years after her causes of action accrued. The court granted the motion.

Almazan filed her original petition 25 months after her termination, and her amended petition three months later. The breach of contract count was asserted within the four-year statute and was timely.

### I.

Almazan first asserts that her three tort theories of recovery are also timely because they relate to the same transaction or occurrence alleged in her timely breach of contract pleading. *See* Tex.Civ.Prac. & Rem.Code § 16.068; *Leonard v. Texaco, Inc.*, 422 S.W.2d 160 (Tex.1967). Section 16.068 specifies when a new cause of action may be asserted by amended petition:

> If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

Almazan argues that because her breach of contract theory was timely filed, her later-pleaded theories may be alleged by amended petition even though the two-year statute applies to them and would have barred them when she filed her original petition. She reads § 16.068 to mean that if an original pleading alleges cause of action *A*,

which is not barred by limitations, an amended pleading alleging cause of action *B* is not subject to limitations, even if *B* was barred when the pleading alleging *A* was filed (provided that *B* is not wholly based on a new or different transaction or occurrence).

That is not how the cases have consistently interpreted § 16.068 and its predecessor, Tex.Rev.Civ.Stat.Ann. art. 5539b (Vernon 1958). The cases have consistently held that if the statute of limitations would have barred a cause of action when the original pleading was filed, it will still bar that cause of action when it is first asserted by amended pleading, even though the original pleading asserted other theories that were timely. *See Bado Equip. Co. v. Bethlehem Steel Corp.*, 814 S.W.2d 464, 469 (Tex.App.—Houston [14th Dist.] 1991, no writ); *Sullivan v. Hoover*, 782 S.W.2d 305, 306–07 (Tex.App.—San Antonio 1989, no writ); *Khalaf v. Williams*, 763 S.W.2d 868, 870 (Tex.App.—Houston [1st Dist.] 1988), *rev'd on other grounds*, 802 S.W.2d 651 (Tex.1990); *Bell v. Bell*, 434 S.W.2d 699, 701 (Tex.Civ.App.—Beaumont 1968, writ ref'd n.r.e.). Similarly, one court has held that "a cause of action barred by limitation cannot be revived by filing a pleading stating an invalid cause of action and thereafter amending to include the barred cause of action." *Church v. Ortho Diagnostic Sys., Inc.*, 694 S.W.2d 552, 556 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). The court in *Church* did not say whether an amended pleading could revive a barred cause of action if the theory alleged in the original petition was valid. *Bado, Sullivan,* and *Bell* did not mention the "relation back" statute although *Sullivan* and *Bell* discussed *Leonard v. Texaco*, which cited and applied it.

We think the cases have stated the proper rule, and that the legislature did not intend to allow an amended pleading to revive causes of action that were barred when the original pleading was filed. If the law were otherwise, a litigant could avoid the shorter statutes of limitations by pleading a theory governed by a longer statute in the original petition, later amend-

ing to allege the theories with shorter limitation periods. For example, a plaintiff with a libel claim, barred by the one-year statute, could sue the publisher within two years for negligence, or within four years for fraud, and amend later to revive his libel theory. Similarly, a tort claimant whose theories of negligence and strict liability were barred by the two-year statute could sue for breach of warranty within four years and later amend to plead his tort theories.

The cases confirm that the legislature did not intend that result and that the *Khalaf* court was correct in saying that "the intent of section 16.068 was to protect *existing* rights, not to create or *revive* a right or cause of action that had terminated prior to the claim being asserted." *Khalaf v. Williams,* 763 S.W.2d at 870 (emphasis added). Section 16.068 (and article 5539b before it) has always been characterized as a "tolling" statute—that is, one that stops the clock but does not run it back. *See First State Bank & Trust Co. v. Ramirez,* 133 Tex. 178, 126 S.W.2d 16, 17–18 (1939); *McAdams v. Capitol Prods. Corp.,* 810 S.W.2d 290, 293 (Tex.App.—Fort Worth 1991, writ denied); *Flukinger v. Straughan,* 795 S.W.2d 779, 787 (Tex. App.—Houston [14th Dist.] 1990, writ denied); *Stone v. Brown,* 621 S.W.2d 182, 183 (Tex.Civ.App.—Texarkana 1981, writ ref'd n.r.e.); *Childre v. Childre,* 417 S.W.2d 464, 466 (Tex.Civ.App.—San Antonio 1967, no writ). Similarly, some older cases state that the original petition "interrupts" the running of limitations. *See Pacific Greyhound Lines v. Tuck,* 217 S.W.2d 699, 701 (Tex.Civ.App.—El Paso 1948, writ ref'd n.r.e.); *Curtis v. Speck,* 130 S.W.2d 348, 351 (Tex.Civ.App.—Galveston 1939, writ ref'd). Needless to say, a statute cannot "toll" a time period that has already expired.

Our courts have consistently said the amended petition "relates back" to the filing of the original petition, language that suggests the amended pleading is simply considered filed as of the time the original pleading was filed. *See, e.g., Long v. State Farm Fire & Cas. Co.,* 828 S.W.2d 125, 127–28 (Tex.App.—Houston [1st Dist.]

1992, n.w.h.); *McAdams,* 810 S.W.2d at 293; *Stevenson v. Koutzarov,* 795 S.W.2d 313, 319 (Tex.App.—Houston [1st Dist.] 1990, no writ); *Bradley v. Etessam,* 703 S.W.2d 237, 240 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *Abbott v. Foy,* 662 S.W.2d 629, 631 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Stone v. Brown,* 621 S.W.2d 182, 183 (Tex.Civ. App.—Texarkana 1981, writ ref'd n.r.e.); *Curtis v. Speck,* 130 S.W.2d at 351. All these cases are consistent with the supreme court's interpretation of the statute as a tolling, or relation-back, statute. *See Hallaway v. Thompson,* 148 Tex. 471, 226 S.W.2d 816, 823 (1950) ("The commencement of the plaintiff's action therefore dates from the filing of his original petition....").

■ We hold that under § 16.068 the original petition "tolls" or stops the statute of limitations from running, that the plaintiff's suit "commences" on the day it is filed, and that later pleadings "relate back" to the original one. If the theories asserted in the amended pleading would not have been timely if asserted in the original pleading, they are subject to a plea of limitations.

## II.

Almazan next argues that the four-year statute applies to her article 8307c claim for wrongful dismissal. She candidly concedes that the courts have held that the two-year statute applies. *See Luna v. Frito–Lay, Inc.,* 726 S.W.2d 624 (Tex.App.— Amarillo 1987, no writ). The court in *Smith v. Coffee's Shop For Boys and Men, Inc.,* 536 S.W.2d 83 (Tex.Civ.App.—Amarillo 1976, no writ), said the same thing without analysis. She argues that *Luna* and *Smith* are no longer viable, citing *Williams v. Khalaf,* 802 S.W.2d 651 (Tex. 1990), for the rule that causes of action not expressly mentioned in the limitations statutes are governed by the residual four-year statute. We disagree with her reading of *Khalaf.*

In *Khalaf* the court held that the four-year statute of limitations applies to fraud

actions. The court reasoned that even though fraud is considered a tort cause of action, at common law fraud developed more from the action for debt than from the action for trespass. Accordingly, the court applied the four-year debt statute of limitations instead of the two-year trespass statute.

■ The supreme court in *Khalaf* did not hold that all causes of action will invariably be governed by the residual four-year statute unless they are expressly mentioned by name in the limitations statutes. On the contrary, the court said that most torts will be governed by the two-year statute of limitations. Almazan cites *Wider v. First City Bank*, 804 S.W.2d 160 (Tex. App.—Dallas 1990, writ denied), which held that the four-year residual statute of limitations governs suits under TEX.BUS. & COMM.CODE ANN. § 4.302 (Vernon 1968). We do not think that *Wider*'s statements about the residual limitations period apply to this tort case, a subject that the supreme court dealt with specifically in *Khalaf*. As the court said in *Khalaf*, "In general, torts developed from the common law action for 'trespass,' and a tort not expressly covered by a limitation provision nor expressly held by this court to be governed by a different provision would presumptively be a 'trespass' for limitations purposes." *Khalaf*, 802 S.W.2d at 654. The court mentioned the residual statute of limitations only in observing that fraud actions seeking rescission instead of damages had always fallen within the rule that equitable actions not expressly covered by a statute would be governed by the residual statute. *Id.* at 657–58.

■ We see nothing in *Khalaf* to indicate that *Luna* and *Smith* were wrongly decided. Almazan's count for wrongful discharge seeks exemplary damages and generally sounds in tort. Like other torts, it falls within the statute of limitations for trespass and personal injury. We hold that the tort action for wrongful discharge under article 8307c is governed by the two-year statute of limitations. *See Khalaf*, 802 S.W.2d at 654.

## III.

We next consider Almazan's breach of contract claim. The court implicitly held that the evidence refuted the breach of contract count as a matter of law. The record shows conclusively that there is no express agreement to modify the at-will employment arrangement. Almazan points to a U.S.A.A. manual that (1) spells out procedures for handling employee sickness, and (2) lists eleven grounds for dismissal, such as theft, fraud, drug use, fighting on the job, etc. But after listing the various grounds for dismissal, the manual confirms U.S.A.A.'s common-law right to dismiss an employee at will: "These examples are not all inclusive of offenses which can occur in the work environment; such a list would be limitless. Additionally, termination may be initiated by U.S.A.A. at any time, with or without cause and with or without notice."

■ An employment-at-will relationship is not binding on the employee or the employer; either may terminate it at any time. *Travel Masters, Inc. v. Star Tours, Inc.*, 827 S.W.2d 830, 832–33 (Tex.1991); *Martin v. Credit Protection Ass'n, Inc.*, 793 S.W.2d 667, 669 (Tex.1990). This court recently summarized the limited circumstances in which an employer manual or handbook can modify the at-will relationship:

In Texas either party may terminate the employment relationship at will unless the employer, acting through an agent authorized to bind it, expressly agreed that the handbook modifies the at-will employment relationship. *See Hicks v. Baylor Univ. Med. Center*, 789 S.W.2d 299, 302 (Tex.App.—Dallas 1990, writ denied); *Salazar v. Amigos Del Valle, Inc.*, 754 S.W.2d 410, 413 (Tex.App.— Corpus Christi 1988, no writ); *United Transp. Union v. Brown*, 694 S.W.2d 630, 632–33 & n. 1 (Tex.App.—Texarkana 1985, writ ref'd n.r.e.); *Reynolds Mfg. Co. v. Mendoza*, 644 S.W.2d 536, 538–39 (Tex.App.—Corpus Christi 1982, no writ).

... A handbook or manual does not affect the at-will relationship unless it *specifically and expressly* limits the re-

lationship and curtails the employer's right to terminate the employee. *See, e.g., Benoit v. Polysar Gulf Coast, Inc.,* 728 S.W.2d 403, 406 (Tex.App.—Beaumont 1987, writ ref'd n.r.e.) (emphasis added) (employee must prove that he and employer "had a contract that *specifically provided and directly limited* the employer's right to terminate the employment contract at will"). The manual must modify the at-will relationship and limit the employer's termination rights "in a meaningful and special way." *Stiver v. Texas Instruments, Inc.,* 750 S.W.2d 843, 846 (Tex.App.—Houston [14th Dist.] 1988, no writ); *Benoit,* 728 S.W.2d at 406. "Employee handbooks, unaccompanied by an express agreement dealing with procedures for discharge of employees, do not create contractual rights regarding those procedures." *Vallone v. AGIP Petrol. Co.,* 705 S.W.2d 757, 758 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). The at-will doctrine applies unless there is "a specific contract term to the contrary." *Johnson v. Ford Motor Co.,* 690 S.W.2d 90, 93 (Tex.App.—Eastland 1985, writ ref'd n.r.e.), quoting *Maus v. National Living Centers, Inc.,* 633 S.W.2d 674, 675 (Tex. App.—Austin 1982, writ ref'd n.r.e.). *McAlister v. Medina Elec. Cooperative, Inc.,* 830 S.W.2d 659, 664 (Tex.App.—San Antonio 1992, no writ) (emphasis in original). This case does not fit within any of the statutory exceptions to the at-will doctrine. *See* Ann Clark Snell, *The Role of the Policy Manual,* STATE BAR OF TEXAS, SUING AND DEFENDING GOVERNMENTAL ENTITIES, B–5 (1992) (listing statutory exceptions). Under these principles, the evidence refutes Almazan's contract theory as a matter of law.

In addition, the manual contains language affirming U.S.A.A.'s right to terminate the employment relationship without cause. When a manual expressly affirms the employer's right to terminate the relationship, or denies that the manual creates an employment contract, the relationship is at-will. *See Perez v. Vinnell Corp.,* 763 F.Supp. 199, 200 (S.D.Tex.1991); *Wilhite v. H.E. Butt Co.,* 812 S.W.2d 1, 6 (Tex.App.—Corpus Christi 1991, no writ); *Hicks v. Baylor Univ. Med. Center,* 789 S.W.2d at 302; *Berry v. Doctor's Health Facilities,* 715 S.W.2d 60, 61–62 (Tex.App.—Dallas 1986, no writ).

Almazan relies on *Aiello v. United Air Lines, Inc.,* 818 F.2d 1196 (5th Cir.1987), for the notion that established procedures and employer conduct can negate a written disclaimer stating that a handbook does not create contractual rights. But the overriding fact in *Aiello,* which the court stressed throughout, was that the handbook bound the employer, expressly and specifically, to discharge employees only for good cause. Indeed, the employer had *stipulated* in the pretrial order that under its handbook it could discharge employees only for good cause. *Id.* at 1198, 1199. Given the employer's stipulation and the facts in *Aiello,* we do not consider its holding inconsistent with the settled principles of Texas law cited above. To the extent that *Aiello* may be contrary to the principles stated above, it does not accurately set forth Texas law.

The judgment is affirmed.