8 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John E. ADAMS, Plaintiff-Appellant,
v.
ARABIAN AMERICAN OIL COMPANY, Defendant-Appellee.
 No. 92-35028.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 1, 1993.
Decided Sept. 28, 1993.
 
 Before WALLACE, WRIGHT and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John E. Adams sued his former employer, the Arabian American Oil Company (ARAMCO), claiming that the company breached his employment contract and wrongfully discharged him. The district court granted summary judgment for ARAMCO. Adams appealed, and we now AFFIRM.
 
 FACTS AND PROCEEDINGS
 
 3
 The facts in this case are contained in the district court's pretrial order, lodged on February 20, 1991, and are not in dispute. ARAMCO fired Adams pursuant to Article 73 of the Saudi Arabian Labor and Workmen Law (Labor Law) because the company believed that during 1987 and 1988 he authored letters and party invitations purporting to implicate another ARAMCO employee, Brian Timoney, in conduct contrary to Saudi law.
 
 
 4
 Adams filed suit on April 24, 1989 in United States District Court for the Western District of Washington. On February 7, 1991 the district court granted summary judgment in favor of ARAMCO on the breach of contract claim. The court held that under applicable Texas law, ARAMCO's internal employment guidelines did not alter what was on its face an "at-will" contract. On November 21, 1991 the court granted ARAMCO's renewed motion for summary judgment on the wrongful discharge claim. The court ruled that ARAMCO had a "valid reason" for discharging Adams under Article 73 of the Labor Law and that Article 126 of the Labor Law was inapplicable to Adams' claim.
 
 
 5
 Adams appealed. This court's jurisdiction is based on 28 U.S.C. § 1291.
 
 ANALYSIS
 Breach of Contract
 
 6
 Adams claims that ARAMCO's General and Standard Rules became part of his employment contract and that when ARAMCO fired him it violated these rules, thereby breaching his contract. Specifically, Adams alleges violation of those provisions guaranteeing notice and an opportunity to call witnesses prior to termination. This court conducts de novo review of a district court's grant of summary judgment. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 7
 The parties agree that Adams' contract was "at will" and that with respect to employment contracts Texas is an "at-will" state. Texas courts have consistently held that an employer handbook alters an "at-will" contract only in the presence of express agreement between the parties, i.e., only when the parties reciprocally and specifically change the terms of the contract. See e.g., Reynolds Mfg. Co. v. Mendoza, 644 S.W.2d 536, 538 (Tex.App.1982), writ denied (1990). Moreover, Texas courts have often held that provisions such as Article 7 of ARAMCO's Standard Rules do not prevent employers from firing employees at will. See, e.g., Day & Zimmerman, Inc. v. Hatridge, 831 S.W.2d 65, 69 (Tex.App.1992), writ denied (1992); Benoit v. Polysar Gulf Coast, Inc., 728 S.W.2d 403, 406 (Tex.App.1987); Reynolds, 644 S.W.2d at 539. Adams' reliance on Aiello v. United Air Lines, Inc., 818 F.2d 1196 (5th Cir.1987) is misplaced. In its rules ARAMCO did not create an obligation to discharge only for good cause, nor did ARAMCO and Adams' supervisor treat the work rules as contractually binding. See Almazan v. United Services Automobile Ass'n, 840 S.W.2d 776, 781 (Tex.App.1992) (construing Aiello ); Zimmerman v. H.E. Butt Grocery Co., 932 F.2d 469, 471-72 (5th Cir.1991), cert. denied, 112 S.Ct. 591 (1991) (same).
 
 Wrongful Discharge
 
 8
 The parties agree that Saudi Arabian law governs Adams' claim for wrongful discharge. Adams asserts that the district court erred in three ways. First, he contends that the existence of a "valid reason" for termination of an employee under Article 73 of the Labor Law is a question of fact for the jury, and that indeed ARAMCO had no such reason for his termination. Second, he contends that Article 126 of the Labor Law prevents ARAMCO from firing him without hearing his defense. Third and last, he contends that Article 6 of the Labor Law makes ARAMCO's work rules binding on the company and that ARAMCO violated those rules by firing him without allowing him to examine documents and call witnesses in his defense.
 
 Article 73
 
 9
 Article 73 permits either party to an employment contract to cancel the contract "for a valid reason." Adams and ARAMCO agree, and this court has noted, that the requirement of a "valid reason" means that an employer must not discharge an employee in an "unlawful or an arbitrary or whimsical or unreasonable manner." McGhee v. Arabian American Oil Co., 871 F.2d 1412, 1417 (9th Cir.1989). Here, ARAMCO terminated Adams because the company's handwriting experts, Frank Banaynal and Lillian Hutchison, identified Adams as the author of the letters and party invitations.
 
 
 10
 Federal Rule of Civil Procedure 56(e) requires that the opponent of a proper summary judgment motion "set forth specific facts showing that there is a genuine issue for trial." Adams claims to question the "motivations and qualifications" of Brian Timoney and Frank Banaynal; he further claims that he was prevented from introducing a handwriting analysis that would have exculpated him. But Adams presents no more than mere speculation that Timoney falsely accused Adams and that Banaynal mistakenly identified Adams as the author of the letters. Similarly, although an exculpatory handwriting analysis furnished by Adams might suggest that ARAMCO's evaluation of the evidence was not correct, it cannot show that the company's evaluation was not valid--i.e., arbitrary or unreasonable. McGhee does not help Adams, for McGhee establishes no more than that the question of a "valid reason" may get to the jury. Because Adams has shown no genuine issue of material fact affecting the existence of a "valid reason" for his termination, the district court properly granted summary judgment against him.
 
 Article 126
 
 11
 Article 126 of the Labor Law provides that "No penalty may be imposed upon a workman except after hearing his remarks and examining his defense." The district court held that Article 126 did not apply to Adams' claim because his termination was not a "penalty" under the Labor Law. Questions of foreign law are questions of law. Fed.R.Civ.Pro. 44.1. This court reviews questions of law de novo. Anderson v. United States, 966 F.2d 487, 489 (9th Cir.1992).
 
 
 12
 Although the precise interpretation of Article 126 is disputed, the better view appears to be that Article 126 does not cover terminations. Article 126 is contained in Chapter VI of the Labor Law, entitled "Protection of Wages." Article 119(e) of the Labor Law refers to "[f]ines that are inflicted on the workman for offenses committed by him under the provisions of Article 126." Structural and internal evidence therefore support the district court's determination, with which we agree.
 
 Article 6
 Article 6 of the Labor Law states:
 
 13
 It is illegal to violate the provisions of this Law or to prejudice any other rights acquired by the workmen by virtue of any other regulations or concession agreements, Labor contract or any other agreements ... or in accordance with generally accepted practice or with what has been habitually granted by the employer to his workmen in a given area or areas.
 
 
 14
 Adams claims that Article 6 gives ARAMCO's work rules the force of Saudi Arabian law.
 
 
 15
 We do not agree. The binding character of Article 6 of the Labor Law is unclear. Expert testimony conflicts. Under Federal Rule of Civil Procedure 44.1 there is no "burden of proof" in the evidentiary sense with respect to foreign law. Nevertheless, the plaintiff who pleads foreign law must successfully persuade the court that he has a good cause of action. Esso Standard Oil S.A. v. S.S. Gasbras Sul, 387 F.2d 573, 581 (2d Cir.1967), cert. denied, 391 U.S. 914 (1968). This Adams has failed to do.
 
 
 16
 For the reasons stated above the district court's grant of summary judgment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3