George KHALAF, Appellant,

v.

William J. WILLIAMS, Appellee.

No. 01–88–00174–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 22, 1988.

Rehearing Denied Feb. 2, 1989.

Paul B. Rosen, Houston, for appellant.

H. Daniel Spain, Womble & Associates, and Kevin Dubose, Houston, for appellee.

Before JACK SMITH, DUGGAN and DUNN, JJ.

## OPINION

JACK SMITH, Justice.

The appellant, Khalaf, sued appellee, Williams, for damages resulting from breach of contract, fraud, constructive fraud, conversion, and breach of fiduciary duty. In response, Williams filed a coun-

terclaim asserting claims for breach of contract and fraud. Both parties sought recovery of attorney's fees. Based upon jury answers to special issues, the trial court entered judgment that Khalaf take nothing, and that Williams recover $181,229.85 plus attorney's fees from Khalaf. Khalaf asserts five points of error on appeal.

In July 1980, Khalaf and Williams entered into an oral partnership agreement to construct and operate a country and western club. This agreement was reduced to writing and signed by the parties on September 9, 1980. By the agreement, Williams was to build the club at cost, and Khalaf was to finance the construction. Both would share in the ownership of the business. Construction of the club began, but in the latter part of September, Williams discovered that Khalaf had incorporated the business on September 17, 1980, and that he had been excluded from ownership. Williams left the job site saying that he had been fired; Khalaf said that Williams had quit. Khalaf initiated this suit in October 1980.

In his first point of error, Khalaf claims that the trial court erred in denying his motion for judgment non obstante veredicto and directed verdict based upon a statute of limitations bar to Williams' cause of action for fraud. Appellee urges that appellant has failed to preserve error on this point.

▇▇▇ Limitations of actions is an affirmative defense that must be pled and proved by the party asserting it. *Intermedics, Inc. v. Grady*, 683 S.W.2d 842, 845 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); Tex.R.Civ.P. 94. Appellant's pleadings were sufficient to give appellee notice of his statute of limitations claim. "Where the facts are undisputed, the defendant may establish that the plaintiff's claim is barred by the statute of limitations as a matter of law." *Intermedics*, 683 S.W.2d at 845. According to both parties, the events that were the basis of the claim occurred in September 1980. Therefore, appellant was not required to

submit an issue on an undisputed fact. A judgment non obstante veredicto may be properly rendered if a directed verdict would have been proper. Tex.R.Civ.P. 301. A directed verdict is proper when:

1. a defect in the opponent's pleadings makes them insufficient to support a judgment,

2. the evidence conclusively proves a fact that establishes a party's right to judgment as a matter of law, or

3. the evidence offered on a cause of action is insufficient to raise an issue of fact.

*McCarley v. Hopkins*, 687 S.W.2d 510, 512 (Tex.App.—Houston [1st Dist.] 1985, no writ).

We must then determine whether the statute of limitations barred appellee's fraud claim as a matter of law. The events underlying the claims occurred in September 1980. Appellee first asserted a cause of action for breach of contract in a counterclaim filed in October 1983, within the four-year statute of limitations. He filed an amended pleading on September 5, 1986, asserting a cause of action for fraud arising out of the same facts. Section 16.068 of the Civil Practice and Remedies Code states the rule governing amended pleadings:

If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

Tex.Civ.Prac. & Rem.Code Ann. sec. 16.068 (Vernon 1986).

Appellee argues that this statute expressly prohibits a plea of limitation against the fraud action filed here because the initial breach of contract action was not subject to a plea of limitation. Appellee

cites no cases directly on point with the facts of this case.

Appellant contends that under the application of this section by the courts, appellee's fraud claim is barred by the statute of limitations because the "relation back" rule applies. That application would relate the date of the filing of the amended pleading alleging fraud back to the date of the original pleading. Appellant argues that since the fraud action would have been barred if it had been filed on the date of the initial counterclaim, the relation back theory does not save it from the operation of the statute of limitations. He alleges that the appellee's action based on fraud is barred as a matter of law.

The cases cited to this Court by appellee are not applicable because they apply the relation back theory to situations where the claim in the amended pleadings would have been timely filed if filed on the date of the original pleadings. *See Leonard v. Texaco, Inc.,* 422 S.W.2d 160 (Tex.1967); *Bradley v. Etessam,* 703 S.W.2d 237 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *Bradley v. Burnett,* 687 S.W.2d 53 (Tex.App.—Dallas 1985, no writ); *Hastings v. Houston Shell & Concrete,* 596 S.W.2d 142 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.).

Section 16.068 codified a rule that has been a part of Texas statutes since 1931.[1] The article was designed to protect a litigant from undue harshness of limitation statutes in a manner consistent with the purpose of those statutes. *Lynch v. American Motorists Ins. Co.,* 101 F.Supp. 946 (N.D.Tx.1952). The Texas Supreme Court has stated that "[t]he primary purpose of a statute of limitations is to compel the exercise of a right within a reasonable time so that the opposite party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds." *Continental Southern Lines, Inc. v. Hilland,* 528 S.W.2d 828, 831 (Tex.1975).

Suits for damages for fraud are governed by the two-year statute of limitations. Tex.Civ.Prac. & Rem.Code Ann. sec 16.003 (Vernon 1986); *National Resort Communities v. Short,* 712 S.W.2d 200, 201 (Tex. App.—Austin 1986, writ ref'd n.r.e.).

Appellee first filed his counterclaim in October 1983, asserting breach of contract. This was three years after his cause of action arose; he amended that pleading three years later in September 1986, to include an action for fraud. This was six years after his cause of action arose. While the fraud claim arises out of the same facts as the breach of contract action, we believe that the intent of section 16.068 was to protect existing rights, not to create or revive a right or cause of action that had terminated prior to the claim being asserted. The policy behind the limitations statutes is not served by allowing appellee to assert a claim that would have been barred at the time of his first filing. Such a reading of section 16.068 is contrary to its purpose and undermines the operation of the limitations statutes. We hold that the appellee's fraud claim was barred by the two-year statute of limitations as a matter of law; appellant was entitled to a judgment non obstante veredicto with respect to appellee's fraud action.

The appellant's first point of error is sustained.

In his second and fourth points of error, Khalaf contends that the trial court erred in denying his motion for judgment non obstante veredicto based upon Williams' failure to plead for actual damages on his cause of action for fraud, and that there was no evidence or insufficient evidence to support the jury findings of damages based on fraudulent representations by Khalaf. In effect, appellant asserts that the pleadings are insufficient to support the award of actual damages.

Because we have held in point of error one that the statute of limitations barred

---

**1.** Tex.Civ.Stat.Ann. art. 5539b (Vernon 1931), *repealed by* ch. 959, sec. 9(1), 1985 Tex.Gen.Laws 3322, effective September 1, 1985.

Williams' recovery based on fraud, we find it unnecessary to address these points.

■ Appellant's third point of error asserts that as a matter of law the jury should have found that the partnership was terminated; or in the alternative that the finding was against the great weight and preponderance of the evidence. Appellant has preserved error by raising this issue in his motion for new trial. *Salinas v. Fort Worth Cab & Baggage Co.* 725 S.W.2d 701, 704 (Tex.1987) (legal insufficiency); Tex.R. Civ.P. 324(b) (factual insufficiency). On appeal, the burden is on appellant to demonstrate that the evidence failed to establish all vital facts in support of the issue. We are to consider only the evidence and inferences that tend to support the finding, and we disregard all evidence and inferences to the contrary. *King v. Bauer*, 688 S.W.2d 845, 846 (Tex.1985).

The partnership agreement, which was introduced into evidence, provides that the partnership was to continue until July 31, 1990, unless terminated as provided by the agreement. Under the agreement, the partners could terminate the partnership by giving the other 60 days notice in writing or by the formation of a corporation by the partnership. The court did not instruct the jury on other means of terminating a partnership or on the meaning of termination under partnership law. A corporation was formed but not by the partnership. A letter that purported to terminate the partnership was sent from Khalaf's attorney to Williams. The letter was admitted into evidence; however, it did not provide the requisite 60 days notice required by the partnership agreement.

Williams testified at one point that he did not receive the letter. We note that a partner always has the power, if not the right, to dissolve a partnership, but dissolution is distinct from termination. Tex.Rev. Civ.Stat.Ann. art. 6132b, sec. 31 (Vernon 1970). Termination of the partnership occurs only after a winding up of partnership affairs. Tex.Rev.Civ.Stat.Ann. art. 6132b, sec. 30 (Vernon 1970). Although Khalaf

did give Williams oral notice of his intent to end the relationship, we cannot find evidence conclusive as a matter of law that the partnership was terminated.

Appellant also contends that the jury finding was against the great weight and preponderance of the evidence. We must examine all of the evidence, *Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex. 1986), and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

In addition to the evidence discussed above, the evidence also showed that Williams left the job site in late September 1980, after he learned that Khalaf had incorporated the business and excluded him from ownership. Khalaf then filed this suit in October 1980. While the evidence does indicate an intent to dissolve the partnership, it did not convince the jury that there had been a termination, and we conclude that it did not establish that the partnership was terminated as a matter of law.

The third point of error is overruled.

■ In his fifth point of error, appellant contends that the failure of the jury to decide the termination date of the partnership, as requested in a special issue, was reversible error. Appellant argues that the jury could not have determined the appropriate amount of damages without first deciding the termination date. The jury followed the instructions in the charge which said that they should decide the date of termination of the partnership only if they first decided that the partnership had in fact been terminated. Appellant did not object to the submission of this issue in this form to the jury; therefore, he has not preserved error. Tex.R.Civ.P. 274.

The fifth point of error is overruled.

The judgment of the trial court is affirmed except that portion of the judgment awarding appellee, Williams, damages under his cause of action for fraud. That portion of the judgment awarding Williams

damages based on fraud is reversed and judgment rendered that Williams take nothing. This case is remanded to the trial court for entry of judgment pursuant to the holdings in this opinion.