George KHALAF, Appellant,

v.

William J. WILLIAMS, Appellee.

No. 01–88–00174–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 22, 1991.

Paul B. Rosen, Houston, for appellant.

H. Daniel Spain, Kevin DuBose, Houston, for appellee.

Before DUGGAN and DUNN, JJ.

## OPINION ON REMAND FROM THE TEXAS SUPREME COURT

DUNN, Justice.

The appellant, George Khalaf, appeals the judgment awarding him nothing and awarding the appellee, William Williams, $181,229.85 plus attorney's fees of $15,000.

In a previous opinion, this Court reversed that part of the judgment awarding Williams damages for fraud and rendered judgment that Williams take nothing on that cause of action. *Khalaf v. Williams,* 763 S.W.2d 868, 871–72 (Tex.App.—Houston [1st Dist.] 1988), *rev'd,* 802 S.W.2d 651 (Tex.1990) (op. on reh'g). This Court affirmed the remainder of the judgment. 763 S.W.2d at 871. This Court held that Williams' cause of action for fraud was barred, as a matter of law, by the statute of limitations; therefore, Khalaf was entitled to a judgment non obstante verdicto on Williams' cause of action for fraud. 763 S.W.2d at 870. This Court also found that the evidence did not establish that the partnership was terminated as a matter of law. 763 S.W.2d at 871. In addition, this Court found that Khalaf failed to preserve any error in the failure to instruct the jury to determine the date of termination of the partnership. 763 S.W.2d at 871.

The Texas Supreme Court reversed the judgment of this Court and remanded the case to this Court. *Williams v. Khalaf,* 802 S.W.2d 651, 659 (Tex.1990) (op. on reh'g). The supreme court held that this Court erroneously applied the two-year statute of limitations to Williams' cause of action for fraud. 802 S.W.2d at 653–54. The supreme court found that the four-year statute of limitations applied to Williams' cause of action for fraud, and his cause of action was not barred by the statute of limitations. 802 S.W.2d at 658. The supreme court then found that there was some evidence to support the jury findings of damages based on fraudulent representations made by Khalaf and remanded to this Court to determine whether the evidence was factually sufficient to support those jury findings. 802 S.W.2d at 659.

Khalaf and Williams entered into a partnership agreement to construct and operate a country and western club. Under the agreement, Williams was to build the club at cost, and Khalaf was to finance the construction. Williams was to receive 30 percent of the ownership of the club, and Khalaf was to receive 70 percent of the ownership. In the latter part of September, after construction had begun, Williams discovered that Khalaf had incorporated the business on September 17, 1980, and excluded Williams from ownership. Williams left the job site saying he had been fired. Khalaf claimed Williams had wrongfully quit.

In October 1980, Khalaf filed suit against Williams for breach of contract, fraud, constructive fraud, conversion, and breach of fiduciary duty. In October 1983, Williams filed a counterclaim for breach of contract. In September 1986, Williams amended his counterclaim to include a cause of action for fraud.

In answering special issues, the jury found that Williams did not breach his contract with Khalaf. However, the jury found that Khalaf did breach his contract with Williams, but the jury also found that Williams sustained no damages as a result of the breach of contract. The jury found that a fiduciary relationship existed between Williams and Khalaf, and that Williams breached his fiduciary duty to Khalaf resulting in damages of $3,802.15. Additionally, the jury found that Khalaf made a fraudulent misrepresentation to Williams resulting in damages of $185,032.

After the jury returned its answers to the special issues, Khalaf moved for a judgment non obstante verdicto. Among other things, Khalaf claimed he was entitled to judgment non obstante verdicto because Williams failed to plead and prove actual damages for his cause of action for fraud. The trial court denied Khalaf's motion and entered judgment that Khalaf take nothing and Williams recover $181,229.85 plus attorney's fees of $15,000.

In his fourth point of error, Khalaf contends that the evidence was insufficient to

support the jury's finding of actual damages of $185,032 for Williams' cause of action for fraud.

 In determining whether the evidence was sufficient to support a jury finding, an appellate court should consider and weigh all evidence before the jury. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *Glockzin v. Rhea,* 760 S.W.2d 665, 666 (Tex.App.—Houston [1st Dist.] 1988, writ denied). Only if the jury finding is so against the great weight and preponderance of the evidence as to be manifestly unjust should the appellate court set the finding aside. *Cain,* 709 S.W.2d at 176; *Glockzin,* 760 S.W.2d at 666. The appellate court cannot substitute its opinion for that of the trier of fact and determine that it would reach a different conclusion. *Glockzin,* 760 S.W.2d at 666.

Williams alleged that Khalaf fraudulently induced Williams to begin construction of the club by representing that Williams would receive ownership of 30 percent of the club. Williams alleged that at the time Khalaf induced Williams to begin construction, Khalaf had formed a corporation for ownership of the club and excluded Williams.

 Actual damages recoverable in a cause of action based on fraud are the losses suffered directly because of the fraudulent conduct. *C & C Partners v. Sun Exploration & Prod. Co.,* 783 S.W.2d 707, 719 (Tex.App.—Dallas 1989, writ denied); *Kneip v. Unitedbank—Victoria,* 734 S.W.2d 130, 134–35 (Tex.App.—Corpus Christi 1987, no writ).

 At trial, Khalaf testified that when Williams left the site of the club, construction had just begun; the steel structure was up, rough plumbing was in place, and beams had been ordered. Khalaf admitted that he agreed to give Williams 30 percent of the profits and assets of the club, but Williams was never given a share. Khalaf stated that the club lost approximately $300,000 before it closed in December 1986.

Williams testified that he agreed to build the club without making a profit or receiving a salary because he was to receive 30 percent of the ownership of the club. Williams claimed that if he had built the club for profit, he would have received $50,000 to $60,000. In addition, Williams asserted that he lost $60,000 to $100,000 while working on the club.

Donald Anthis, a certified public accountant, testified that he reviewed the tax returns for the club for the years 1980 to 1984. He also reviewed a financial statement, dated October 1985, for the club. Based on his review of the documents, Anthis determined that the value of 30 percent of the income of the club was $90,000 to $450,000. Anthis also determined that the value of 30 percent of the assets of the club was $250,000. On cross-examination, Anthis admitted that he did not consider loans from stockholders, the cost of doing business, or the addition of stockholders in his evaluation.

We find the jury's finding that Williams suffered actual damages of $185,032 because of Khalaf's fraudulent conduct was not so against the great weight and preponderance of the evidence as to be manifestly unjust. The evidence was sufficient to support the jury's finding. We overrule Khalaf's fourth point of error.

In his second point of error, Khalaf contends that the trial court erred in denying his motion for judgment non obstante verdicto because, in his pleadings, Williams failed to request actual damages for his cause of action for fraud.

 A trial court may properly render a judgment non obstante verdicto if a directed verdict would have been proper. TEX.R.CIV.P. 301. A directed verdict would have been proper if a defect in the opponent's pleadings made the pleadings insufficient to support a judgment. *McCarley v. Hopkins,* 687 S.W.2d 510, 512 (Tex. App.—Houston [1st Dist.] 1985, no writ). Therefore, if Williams' pleadings were insufficient to support the finding of actual damages on his cause of action for fraud, the trial court erred in denying Khalaf's motion for judgment non obstante verdicto.

In his first amended cross-action,[1] Williams asserted causes of action for breach of contract and fraud. Williams asked for actual damages for his cause of action for breach of contract, but Williams did not ask for actual damages for his cause of action for fraud. However, Williams requested exemplary damages for his cause of action for fraud. Williams' first amended cross-action also contained a general prayer "for such other and further relief ... [he] may be justly entitled."

A judgment must conform to the pleadings in a case. *Cunningham v. Parkdale Bank,* 660 S.W.2d 810, 812 (Tex. 1983); *Barnett v. Barnett,* 640 S.W.2d 776, 777 (Tex.App.—Houston [1st Dist.] 1982, no writ); TEX.R.CIV.P. 301. In determining whether the judgment conformed to the pleadings, an appellate court should view the pleadings as a whole. *Wilson v. McCracken,* 713 S.W.2d 394, 395 (Tex. App.—Houston [14th Dist.] 1986, no writ). A prayer for general relief will support any relief raised by the evidence and consistent with the allegations in the petition. *Sherrod v. Bailey,* 580 S.W.2d 24, 29 (Tex.Civ. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). However, only relief consistent with the causes of action contained in the petition may be granted under a general prayer for relief. *Kissman v. Bendix Home Sys., Inc.,* 587 S.W.2d 675, 677 (Tex. 1979).

Williams' first amended cross-action contained a general prayer for relief. Moreover, in his cross-action, Williams asserted a cause of action for fraud. Williams also requested exemplary damages for his cause of action for fraud. *See Nabours v. Longview Sav. & Loan Ass'n,* 700 S.W.2d 901, 904 (Tex.1985) (exemplary damages can only be awarded if actual damages were found). Additionally, evidence of actual damages Williams suffered because of Khalaf's fraudulent actions was presented at trial. Thus, we find that Williams' pleadings did support the award of actual damages for his cause of action for fraud. *See Robinwood Bldg. & Dev. Co. v. Pettigrew,* 737 S.W.2d 110, 112 (Tex.

App.—Tyler 1987, no writ) (although prayer for relief asked for measure of damages recoverable under 1979 version of the Texas Deceptive Trade Practices–Consumer Protection Act, pleadings also contained general prayer for relief authorizing award of measure of damages under 1977 version of the Act); *Wilson,* 713 S.W.2d at 395 (where party pled fraud as theory of recovery, jury could award exemplary damages based on fraud even though party only specifically requested exemplary damages for breach of fiduciary duty); *cf. Pringle v. Nowlin,* 629 S.W.2d 154, 157 (Tex.App.— Fort Worth 1982, writ ref'd n.r.e.) (party was entitled to submission of issue on replacement cost because pleadings contained a general prayer for relief as well as general allegations of destruction of property).

The trial court did not err in denying Khalaf's motion for judgment non obstante verdicto. We overrule Khalaf's second point of error.

We affirm the judgment.

---

1. Williams first amended cross-action is, in substance, a counterclaim.