Ramsey v. Lecas 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00411-CV







Rhonda Raynell Ramsey, Appellant



v.



John Lecas and Geraldine M. Lecas, Appellees







FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT


NO. C95-150C, HONORABLE FRED CLARK, JUDGE PRESIDING







PER CURIAM


 Appellees John Lecas and Geraldine Lecas sued to enjoin appellant Rhonda Ramsey from
foreclosing on a tract of real property. Ramsey, the holder of the Lecases' promissory note, had declared
a default in the January 1995 note payment and notified the Lecases that she intended to foreclose on the
property. Following a bench trial, the court rendered judgment permanently enjoining the foreclosure and
further granting the Lecases a grace period within which to pay property taxes that had fallen due after the
notice of default. We will affirm the trial court's judgment.

 In point of error one, Ramsey asserts that the trial court's judgment allowing the Lecases
to cure their default in paying property taxes varies from the pleadings and proof. The trial court, in its
judgment, granted the Lecases twenty-five days to pay all unpaid taxes and enjoined Ramsey from pursuing
any declaration of default, acceleration, or foreclosure during this grace period. The Lecases pleaded that
they were not in default of any obligation owed to Ramsey. They stated specifically in their petition that
they had timely paid the January 1995 note installment and that Ramsey's threatened foreclosure based on
a delinquent payment was unjustified. The Lecases prayed for a temporary restraining order, a temporary
injunction, and a declaration that no default existed in their obligations to Ramsey arising out of the note and
deed of trust. In addition, the Lecases prayed generally that the court award them any relief to which they
were entitled.

 At trial, Geraldine Lecas testified, first on cross and then on redirect examination, about
payment of the 1994 property taxes. Geraldine acknowledged that the taxes were due January 31, 1995,
and that they were unpaid. The deed of trust required her and John to pay taxes on the mortgaged
property, but because Ramsey had accelerated the note and threatened foreclosure, she did not pay them. 
The taxes became due after Geraldine received Ramsey's notice of default. Geraldine testified that she was
prepared to pay the taxes. After the close of the evidence, counsel for Ramsey asked the trial court to find
that the Lecases had defaulted under the deed of trust by failing to pay the 1994 property taxes.

 The trial court's judgment must conform to the pleadings, the nature of the case proved,
and the verdict, if any. Tex. R. Civ. P. 301. The parties may waive the requirement that the judgment
conform to the pleadings, however, by trying issues by express or implied consent. Tex. R. Civ. P. 67. 
When so tried, issues not raised by the pleadings shall be treated in all respects as if they had been pleaded. 
Id. Here, Ramsey initiated questioning about payment of the 1994 property taxes and sought a finding that
the Lecases had defaulted on their tax obligation. See Harkey v. Texas Employers' Ins. Ass'n, 208
S.W.2d 919, 922 (Tex. 1948) (issues are not tried by consent if party who does not object to evidence
objects to submitting questions to jury). We therefore determine that the the issue of default in paying the
1994 taxes was tried by consent.

 Although the trial court's judgment is not supported by the specific facts the Lecases
pleaded, the issue of default in paying the property taxes must be considered as if pleaded. Further, the
Lecases prayed generally for any relief to which they were entitled. A prayer for general relief authorizes
relief consistent with the facts stated in the petition. Kissman v. Bendix Home Sys., 587 S.W.2d 675, 677
(Tex. 1979); Khalaf v. Williams, 814 S.W.2d 854, 858 (Tex. App.--Houston [1st Dist.] 1991, no writ). 
Under a general prayer, it is for the court to declare what form of relief is appropriate under the pleadings
and the evidence. Bradley v. Straus-Frank Co., 414 S.W.2d 504, 510 (Tex. Civ. App.--Dallas 1967,
no writ). Considering the issue of default in taxes as having been pleaded and in view of the evidence, the
trial court was authorized to fashion the relief it considered appropriate. We therefore overrule point one.

 Ramsey contends in her third point of error that the trial court improperly restrained
foreclosure for the Lecases' default in paying their 1994 property taxes. The court enjoined Ramsey from
foreclosing during the grace period it granted the Lecases to pay their taxes. The parties' note states that
if a default continued after Ramsey gave the Lecases notice of the default and the time within which it must
be cured, Ramsey could accelerate the indebtedness and that the Lecases waived all demands for payment,
presentations for payment, notices of intent to accelerate, notices of acceleration, protests, and notices of
protest.

 Ramsey asserts that, by the terms of the note, default in paying the taxes triggered an
automatic acceleration of the note. Assuming that Ramsey correctly construes the note, once she declared
the balance of the note due based on the January 1995 payment, the Lecases were not required to do a
useless thing. Fant v. Miller, 218 S.W.2d 901, 903 (Tex. Civ. App.--Texarkana 1949, writ ref'd n.r.e.). 
After Ramsey notified the Lecases of the alleged default and the proposed trustee's sale, it was unnecessary
for the Lecases to tender payment of the taxes until the parties' legal rights had been established. Id. 
Having determined that Ramsey unlawfully accelerated the note, and in view of the Lecases' right to
withhold their tax payment, the trial court appropriately granted them a grace period within which to pay
the taxes. Because we see no conflict between the court's judgment and Ramsey's rights under the note,
we overrule point three.

 In point of error two, Ramsey argues that the trial court erroneously applied the "mailbox
rule" to the January 16, 1995, note payment. The note executed by the Lecases states that installments of
principal and interest are "payable" on the sixteenth of each month without specifying how the installments
should be paid. The trial court made the following unchallenged findings of fact: the contract was silent as
to the method of payment; the Lecases have always tendered payment to Ramsey by mail; the Lecases
mailed their payments for November and December 1994; Ramsey accepted the Lecases' November and
December payments; the January payment was mailed on January 13, 1995; the payment was properly
addressed; and the United States Post Office was closed on Sunday, January 15 and Monday, January
16.

 The trial court also found that the parties' course of conduct for payment under the contract
was by mail. We construe Ramsey's argument as a challenge to the legal sufficiency of the evidence to
support the trial court's finding that the parties' course of conduct for payment was by mail. We review a
no-evidence challenge by considering only the evidence and inferences tending to support the finding and
disregarding all evidence and inferences to the contrary. Alm v. Aluminum Co. of Am., 717 S.W.2d 588,
593 (Tex. 1986), cert. denied, 498 U.S. 847 (1990); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex.
1965). We will uphold the finding if more than a scintilla of evidence supports it. Southern States
Transp., Inc. v. State, 774 S.W.2d 639, 640 (Tex. 1989).

 Payment under a contract may be made by mail when such payment is either authorized
by the obligee or established by the parties' course of conduct. American Cas. Co. v. Conn, 741 S.W.2d
536, 538 (Tex. App.--Austin 1987, no writ); Fant, 218 S.W.2d at 903. A course of conduct may be
shown when an obligee accepts payments by mail for an extended time without protest. Buffalo Pipeline
Co. v. Bell, 694 S.W.2d 592, 596-97 (Tex. App.--Corpus Christi 1985, writ ref'd n.r.e.). When
payment by mail is accepted, mailing a properly addressed letter containing the remittance with postage
prepaid on the last day of payment is timely. Id. at 596. The first payment under the note was due March
16, 1993. The trial court found, and Ramsey does not disagree, that the Lecases have always tendered
payment to her by mail.

 Ramsey points to evidence that she informed the Lecases by letter dated October 24,
1994, that she must receive note payments by the sixteenth of each month and that the Lecases should not
rely on the mail to make timely payments. The Lecases nevertheless continued through November and
December 1994 to mail their note payments to Ramsey and Ramsey accepted these payments. Although
Ramsey protested the mailing of payments by her letter in October, we determine that her continued
acceptance of the November and December payments is some evidence that the parties' former course
of conduct was reestablished. See Fairfield Fin. Group, Inc. v. Gawerc, 814 S.W.2d 204, 208-09
(Tex. App.--Houston [1st Dist.] 1991, no writ); Bodiford v. Parker, 651 S.W.2d 338, 339-40 (Tex.
App.--Fort Worth 1983, no writ); Vaughan v. Crown Plumbing & Sewer Serv., Inc., 523 S.W.2d 72,
75 (Tex. Civ. App.-- Houston [1st Dist.] 1975, writ ref'd n.r.e.).

 Ramsey also argues that the "mailbox rule" applies only to the offer and acceptance of
contracts. The rule has long applied outside that context, however, and has expressly applied to payments
on promissory notes. E.g., Gawerc, 814 S.W.2d at 207; Fant, 218 S.W.2d at 902. Because some
evidence supports the finding that the parties' course of conduct for payment was by mail, we overrule point
two.

 We affirm the trial court's judgment.

 

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: September 18, 1996

Do Not Publish



ectly construes the note, once she declared
the balance of the note due based on the January 1995 payment, the Lecases were not required to do a
useless thing. Fant v. Miller, 218 S.W.2d 901, 903 (Tex. Civ. App.--Texarkana 1949, writ ref'd n.r.e.). 
After Ramsey notified the Lecases of the alleged default and the proposed trustee's sale, it was unnecessary
for the Lecases to tender payment of the taxes until the parties' legal rights had been established. Id. 
Having determined that Ramsey unlawfully accelerated the note, and in view of the Lecases' right to
withhold their tax payment, the trial court appropriately granted them a grace period within which to pay
the taxes. Because we see no conflict between the court's judgment and Ramsey's rights under the note,
we overrule point three.

 In point of error two, Ramsey argues that the trial court erroneously applied the "mailbox
rule" to the January 16, 1995, note payment. The note executed by the Lecases states that installments of
principal and interest are "payable" on the sixteenth of each month without specifying how the installments
should be paid. The trial court made the following unchallenged findings of fact: the contract was silent as
to the method of payment; the Lecases have always tendered payment to Ramsey by mail; the Lecases
mailed their payments for November and December 1994; Ramsey accepted the Lecases' November and
December payments; the January payment was mailed on January 13, 1995; the payment was properly
addressed; and the United States Post Office was closed on Sunday, January 15 and Monday, January
16.

 The trial court also found that the parties' course of conduct for payment under the contract
was by mail. We construe Ramsey's argument as a challenge to the legal sufficiency of the evidence to
support the trial court's finding that the parties' course of conduct for payment was by mail. We review a
no-evidence challenge by considering only the evidence and inferences tending to support the finding and
disregarding all evidence and inferences to the contrary. Alm v. Aluminum Co. of Am., 717 S.W.2d 588,
593 (Tex. 1986), cert. denied, 498 U.S. 847 (1990); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex.
1965). We will uphold the finding if more than a scintilla of evidence supports it. Southern States
Transp., Inc. v. State, 774 S.W.2d 639, 640 (Tex. 1989).

 Payment under a contract may be made by mail when such payment is either authorized
by the obligee or established by the parties' course of conduct. American Cas. Co. v. Conn, 741 S.W.2d
536, 538 (Tex. App.--Austin 1987, no writ); Fant, 218 S.W.2d at 903. A course of conduct may be
shown when an obligee accepts payments by mail for an extended time without protest. Buffalo Pipeline
Co. v. Bell, 694 S.W.2d 592, 596-97 (Tex. App.--Corpus Christi 1985, writ ref'd n.r.e.). When
payment by mail is accepted, mailing a properly addressed letter containing the remittance with postage
prepaid on the last day of payment is timely. Id. at 596. The first payment under the note was due March
16, 1993. The trial court found, and Ramsey does not disagree, that the Lecases have always tendered
payment to her by mail.

 Ramsey points to evidence that she