Opinion issued December 1, 2005















In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00121-CV




BRENDA GREEN RAYMOND, Appellant

V.

FRANK RAYMOND JR., Appellee




On Appeal from the 300th District Court
Brazoria County, Texas
Trial Court Cause No. 18417*RH02








 
O P I N I O N

          Brenda Raymond filed for divorce from her husband Frank Raymond Jr., and
the trial court granted the divorce. Subsequently, Brenda filed a motion for new trial,
arguing errors in the division of property. The trial court denied the motion, and
Brenda appealed.
          In four points of error, Brenda argues that the trial court erred in (1)
characterizing one piece of real property entirely as Frank’s separate property; (2)
overruling certain points of error in the motion for a new trial because the motion was
not verified; and (3) not requiring reimbursement to the community estate for funds
spent on Frank’s separate real property. In a cross-point, Frank argues that Brenda
is estopped from appealing the judgment.
          We affirm in part and reverse and remand in part.
Background
          Brenda Raymond, appellant, and Frank Raymond Jr., appellee, were married
on June 20, 1987. Prior to this, Frank had bought two pieces of real property, one in
Lake Jackson, Texas, and the other in Clute, Texas. After the marriage, Frank and
Brenda had a house built on the Lake Jackson property. Also during the marriage,
they refinanced the Clute property and subsequently paid off the balance of the loan. 
Later, on Brenda’s urging, Frank executed a deed to Brenda conveying an undivided
one-half interest in the Lake Jackson property. After the petition for divorce was
filed, the court granted the divorce and awarded both the Lake Jackson and Clute
properties to Frank as his separate property. The court did not award any funds to the
community estate for money spent on the two properties.
Acceptance of Benefits Doctrine
          At the outset, we note that, in a cross-point, Frank argues that Brenda is
estopped from appealing the divorce judgment because she voluntarily accepted the
benefits of the judgment.
          After the action for divorce was initiated, Frank took out a loan against his
401(k) plan and invested the proceeds in the stock market. Brenda filed a Motion to
Compel Safekeeping of Funds. In response, Frank sold the stocks and redeposited
the funds except for $6,500 that he lost from his investment. At trial, the court
awarded Brenda $6,500, and Frank paid that amount. Frank argues that because
Brenda received this amount, she is estopped from bringing this appeal.
          Under the acceptance-of-benefits doctrine, a party that voluntarily accepts the
benefits of a judgment is estopped from then attacking it on appeal. Carle v. Carle,
234 S.W.2d 1002, 1004 (Tex. 1950); Waite v. Waite, 150 S.W.3d 797, 803 (Tex.
App.—Houston [14th Dist.] 2004, pet. denied). The record reflects, however, that
Brenda has not yet accepted the benefits of the divorce judgment. Prior to appeal,
Brenda posted a supersedeas bond. In setting the amount, the trial court included the
award to Brenda of $6,500.00. The purpose of a supersedeas bond is to suspend the
execution of the judgment during the appeal. Tex. R. App. P. 24.1(f); In re South Tex.
Coll. of Law, 4 S.W.3d 219, 220 & n.3 (Tex. 1999). Because the judgment has been
suspended, Brenda cannot be said to have accepted its benefits.
          Frank’s cross-point is overruled.
Characterization of Real Property
          In her first and second points of error, Brenda argues that the trial court erred
in finding and ruling that the Lake Jackson property was entirely Frank’s separate
property.
A.      Standard of Review
          We review the trial court’s characterization of property under an abuse of
discretion standard. Robles v. Robles, 965 S.W.2d 605, 613 (Tex. App.—Houston
[1st Dist.] 1998, pet. denied). The issue of whether property is separate or community
property is determined by the facts that, according to rules of law, give character to
the property. McElwee v. McElwee, 911 S.W.2d 182, 188 (Tex. App.—Houston [1st
Dist.] 1995, writ denied). To determine whether there is legally sufficient evidence
to support a finding, an appeals court considers only the evidence and inferences that
support the finding and disregards all evidence and inferences that support the
contrary. Sherman v. First Nat’l Bank, 760 S.W.2d 240, 242 (Tex. 1988); Robles,
965 S.W.2d at 615. If there is any evidence to support the finding, the appeals court
must uphold the finding. Sherman, 760 S.W.2d at 242.
          To determine whether the evidence was factually sufficient to support a
finding, an appeals court considers and weighs all evidence that was before the trial
court. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). An appeals court sets a
finding aside only if it is so against the great weight and preponderance of the
evidence as to be manifestly unjust. Id. Similarly, a trial court’s conclusions drawn
from the facts may be reviewed to determine their correctness. Herbage v. Snoddy,
864 S.W.2d 695, 698 (Tex. App.—Houston [1st Dist.] 1993, writ denied).
B.      Analysis
          Prior to their marriage, Frank purchased property in Lake Jackson, Texas. 
Property purchased prior to marriage is that spouse’s separate property. Tex. Fam.
Code Ann. § 3.001(1) (Vernon 1998). During the marriage, however, Frank
executed a deed conveying an undivided one-half interest in the property to Brenda. 
It is the effect of this conveyance on the character of the property that we now review.
          Both parties cite to cases holding that evidence of a gift of separate property
from one spouse to another can be rebutted by evidence that a gift was not intended.


 
See, e.g., In re Marriage of Morris, 12 S.W.3d 877, 883 (Tex. App.—Texarkana
2000, no pet.); Johnson v. Johnson, 584 S.W.2d 307, 308–09 (Tex. Civ.
App.—Texarkana 1979, no writ). The parties, however, cite to a line of cases that do
not apply here. Johnson and the other cases in this line deal with situations where
one spouse purchases real estate with his or her separate property, but both spouses’
names appear as grantees on the deed from that sale. Id. at 308. In those cases, a
rebuttable presumption is raised that the spouse intended to give the other spouse an
undivided one-half interest in the property as a gift. Id. at 308–09.
          Those are not the facts of the present case. Here, it is undisputed that Frank
owned the property before the marriage, and he was the only grantee named on that
deed. Therefore, it was his separate property from the inception. After Frank and
Brenda married, Frank executed a separate deed to Brenda conveying an undivided
one-half interest in the Lake Jackson property. Frank was the only grantor, and
Brenda was the only grantee.
          This case instead falls in line with Massey where we held that parol evidence
is not admissible to vary the terms of an unambiguous document. Massey v. Massey,
807 S.W.2d 391, 405 (Tex. App.—Houston [1st Dist.] 1991, writ denied). It is for
the court to construe an unambiguous document as a matter of law. Coker v. Coker,
650 S.W.2d 391, 393 (Tex. 1983); Massey, 807 S.W.2d at 405. A spouse who is a
party to a deed transaction may not introduce parol or extrinsic evidence to contradict
the express recitals in the deed without first tendering evidence of fraud, accident, or
mistake. Henry S. Miller Co. v. Evans, 452 S.W.2d 426, 431–32 (Tex. 1970);
Massey, 807 S.W.2d at 405. Evidence of the parties’ intent can be introduced only
if there is a latent or patent ambiguity. Nat’l Union Fire Ins. Co. v. CBI Indus., Inc.,
907 S.W.2d 517, 520 (Tex. 1995). 
          Frank never presented evidence at trial of fraud, accident, or mistake; nor did
he establish any ambiguity in his deed to Brenda. Absent such evidence, the trial
court erred in considering parol evidence of intent. Dalton v. Pruett, 483 S.W.2d 926,
929 (Tex. Civ. App.—Texarkana 1972, no writ). The deed was unambiguous on its
face, and, as a matter of law, it effectively transferred an undivided one-half interest
in the Lake Jackson property to Brenda.
          When there has been a conveyance of property by one spouse to another and
a delivery of the deed, the presumption exists that it was the intention of the grantor
spouse to make the property the separate property of the grantee spouse and in the
absence of fraud, accident, or mistake, such conveyance cannot be disturbed. 
Brothers v. Brothers, No. 14–96–00364–CV, 1997 WL 7012, at *1 (Tex.
App.—Houston [14th Dist.] Jan. 9, 1997, no writ) (not designated for publication)
(quoting Dyer v. Dyer, 616 S.W.2d 663, 665 (Tex. Civ. App.—Corpus Christi 1981,
writ dism’d)). Thus, we hold that an undivided one-half interest in the Lake Jackson
property became Brenda’s separate property.
          Brenda’s first and second points of error are sustained.
Verification of Motion for New Trial
          In her third point of error, Brenda argues that the trial court erred in overruling
three grounds for a new trial because the motion was not verified and did not contain
any affidavits.
A.      Standard of Review
          The standard of review for the denial of a motion for new trial is abuse of
discretion. Champion Int’l Corp. v. Twelfth Court of Appeals, 762 S.W.2d 898, 899
(Tex. 1988) (orig. proceeding). A trial court abuses its discretion when it acts in an
arbitrary or unreasonable manner, or if it acts without reference to any guiding rules
or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex.
1985).
B.      Analysis
          In three out of thirteen points of error in the motion for new trial, Brenda
complained of the trial court’s failure “in not awarding to the community” money
spent on the properties in Lake Jackson and Clute, Texas. At the hearing on the
motion, Brenda attempted to introduce testimony to support her arguments. Frank
objected to the testimony on the grounds that the motion for new trial had not been
verified. The trial court sustained the motion and overruled the three points of error.
          Brenda argues that this court has never before held that a motion for new trial
must be verified as a prerequisite to introducing facts outside the record at the
hearing. Frank, however, cites an early case from this court that held verification is
required. Krider v. Hempftling, 137 S.W.2d 83, 87 (Tex. Civ. App.—Galveston
1940, no writ); accord Smith v. Mike Carlson Motor Co., 918 S.W.2d 669, 672 (Tex.
App.—Forth Worth 1996, no writ); Zuniga v. Zuniga, 13 S.W.3d 798, 803 n.4 (Tex.
App.—San Antonio 1999, no pet.), overruled on other grounds, 124 S.W.3d 163
(Tex. 2003). We reaffirm this holding today. When a party seeks a new trial based
on newly discovered evidence, the motion for new trial must verify that the evidence
is true and correct. Accordingly, we hold that the trial court did not abuse its
discretion in overruling three points of error in Brenda’s motion for new trial based
on the fact that the motion had not been verified.
          Brenda’s third point of error is overruled.
Reimbursement
          In her fourth point of error, Brenda argues that the trial court erred in not
reimbursing the community estate for funds spent on improvements on the Lake
Jackson property and for funds spent on paying off a refinancing loan on the Clute
property.
A.      Standard of Review
          The standard of review for property division issues in family law cases is abuse
of discretion. See Schlueter v. Schlueter, 975 S.W.2d 584, 589 (Tex. 1998). A trial
court has broad discretion in dividing the “estate of the parties,” but must confine
itself to community property. Eggemeyer v. Eggemeyer, 554 S.W.2d 137, 139 (Tex.
1977). If a court of appeals finds reversible error that materially affects the trial
court’s “just and right” division of property, then it must remand the entire
community estate for a new division of the property. Jacobs v. Jacobs, 687 S.W.2d
731, 733 (Tex. 1985). In reviewing the factual sufficiency of Brenda’s affirmative
claims, for which she has the burden of proof, we examine all the evidence in the
record, including any evidence contrary to the judgment, to determine if the
challenged finding is so weak as to be clearly wrong and manifestly unjust. See Cain,
709 S.W.2d at 176. If the division of marital property lacks sufficient evidence in the
record to support it, then the trial court’s division is an abuse of discretion. Wilson
v. Wilson, 132 S.W.3d 533, 537 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).
B.      Analysis
          As an initial matter, the claims that Brenda argues on appeal are not
reimbursement claims. Reimbursement claims deal with payment of unsecured
liabilities and compensation for time, toil, and talent. Tex. Fam. Code Ann.
§ 3.408(b) (Vernon Supp. 2004–2005). These claims, instead, involve economic
contribution—where one marital estate makes an economic contribution to the
property of another marital estate. Tex. Fam. Code Ann. § 3.403(a) (Vernon Supp.
2004–2005). Nowhere in Brenda’s pleadings did she request economic contribution,
and she did not urge it at trial.
          Furthermore, even if these were reimbursement claims, they were never
addressed in her pleadings. In Brenda’s final amended petition for divorce, she pled
for reimbursement “for funds or assets expended by the community estate for
payment of unsecured liabilities of [Frank’s] separate estate.” Neither of the claims
about which she now complains fits under this category. The claims also do not
appear anywhere in her inventory and appraisement of the marital estate, nor do they
appear in her suggested division of community property.
          A judgment must conform to the pleadings in a case. Tex. R. Civ. P. 301;
Cunningham v. Parkdale Bank, 660 S.W.2d 810, 812 (Tex. 1983); Khalaf v.
Williams, 814 S.W.2d 854, 858 (Tex. App.—Houston [1st Dist.] 1991, no writ). In
determining whether the judgment conformed to the pleadings, an appellate court
should view the pleadings as a whole. Khalaf, 814 S.W.2d at 858. A prayer for
general relief will support any relief raised by the evidence and consistent with the
allegations in the petition. Id. 
          At trial, Brenda testified that the Clute property had been refinanced for “30
something thousand dollars” and that the loan was paid back with community
property. She further testified that community property funds had been used to pay
for the construction of the house on the Lake Jackson property, but no dollar amount
was identified. Frank testified, however, that the house had been paid for entirely out
of Frank’s separate property. No further testimony or other evidence was offered to
establish the specific dollar amount alleged to have come from the community estate
or to prove that the funds had in fact come from the community estate.
          The claims argued on appeal were not a part of Brenda’s pleadings. They were
not correctly identified as economic contribution claims, nor were they listed as
reimbursement claims. While some evidence as to the claims was presented at trial,
a specific dollar amount was not identified and there was little in the way of proof
that the contribution actually came from the community estate. Viewing the
pleadings as a whole along with the testimony at trial, we hold that the trial court did
not abuse its discretion in not awarding money to the community estate based on any
economic contribution claims.
          Brenda’s fourth point of error is overruled.
Conclusion
          We reverse that portion of the judgment of the trial court for a re-division of
the Lake Jackson property in light of our holding that appellant owns, as her separate
property, a one-half undivided interest in the Lake Jackson property. In all other
respects, we affirm the judgment of the trial court.
 
                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Higley.