**Opinion issued September 26, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00495-CV

———————————

**NORMA DAVID, Appellant**

**V.**

**VIRGINIA DAVID, Appellee**

On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 2007-70840

# MEMORANDUM OPINION

Virginia David sued Norma and Roberto David for an unpaid debt.  After a bench trial, the trial court entered judgment in favor of Virginia, awarding actual damages, interest, and attorney's fees.  Only Norma appeals, contending that (1) insufficient evidence supports the trial court's award of actual damages, interest, and fees; and (2) the statute of limitations bars Virginia's suit on the debt.

We hold that the evidence supports the trial court's award of actual damages and interest, and, as we previously held in our earlier consideration of this case, limitations does not bar this suit.  But the trial court erred in awarding attorney's fees absent proof of them.  We modify the judgment to delete the award of attorney's fees, and affirm as modified.

## Background

In 1991, Virginia made a series of loans to Norma in exchange for a promissory note.  The promissory note provides:

> TO WHOM IT MAY CONCERN:
>
> This will serve as promissory note to Virginia Wong David for the following:
> . . .
> [$]13,000.00 loan + interest of $1,049.87 (12/91)
> [$]9,641.36 current Credit Union share interest included
> [$]8,000.00 [loan] + interest of $1,690[.00] due 3/92
>
> This supersedes any promissory notes written prior to this date. All other notes . . . are void.

In 2006, Virginia wrote Norma a letter notifying Norma of the balance owed on the loans, and she demanded that Norma pay it. In reply, Norma acknowledged the loans and promised to pay the balance owed, but requested relief from the interest amounts. She also attached corrections to the amortization schedules that Virginia had sent to her:

> I am enclosing the corrected amortization schedules per my records.
>
> Schedule 1      $5,000[.00] + $8,000[.00]
>
>                        Paid in full and overpayments credited to Loan #2.
>
> Schedule 2      $9,707.43
>
>                        The [s]chedule you sent me showed this loan amount to be $9,641[.00] starting on 8/1/91. The Promissory Note dated 12/16/91 references an amount of $9,641.36, which you had on deposit in a credit union account in our name. This deposit was originally opened in 1/90 with $9,386.72. Interest earned on that money, net taxes, grew the money to $9,707.43 on 1/93. You converted this credit union deposit into a loan and began charging 10% compounding monthly on 1/93.
>
> Schedule 3      $8,000.00
>
>                        In my schedule I included a payment of $1,000[.00] on 4/92 that you incorrectly attributed to Loan #1.

In 2007, Norma stopped making payments on two outstanding loans to Virginia. Later that year, Virginia sued for the unpaid debt. Norma answered and moved for summary judgment, asserting that Norma had paid Virginia all amounts due and that the statute of limitations barred Virginia's claim. Virginia also moved

for summary judgment, requesting that the trial court find Norma liable for the outstanding debt owed to Virginia. The trial court granted Virginia's motion for summary judgment, but on appeal, we reversed, holding that Virginia had failed to conclusively prove her claim. We remanded the case to the trial court for further proceedings. *See David v. David*, No. 01-09-00787-CV, 2011 WL 1326222, at *1 (Tex. App.—Houston [1st Dist.] April 7, 2011, no pet.) (mem. op.).

On remand, the trial court again rendered judgment for Virginia, awarding her (1) $77,883.92 in actual damages; (2) $34,503.64 in prejudgment interest; (3) post-judgment interest at ten percent per year; and (4) $6,700.00 in attorney's fees.

## Discussion

### I. Sufficiency of the Evidence

*Standard of Review*

We review the sufficiency of the evidence supporting a trial court's challenged findings of fact by applying the standards that we use in reviewing the legal or factual sufficiency of the evidence supporting jury findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). The test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). In making this determination, we credit favorable evidence if a

reasonable fact-finder could, and disregard contrary evidence unless a reasonable fact-finder could not. *Id.* If the evidence falls within the zone of reasonable disagreement, then we may not substitute our judgment for that of the fact-finder. *Id.* at 822. In a bench trial, the trial court determines the credibility of the witnesses and the weight to be given their testimony. *Village Place, Ltd. v. VP Shopping, LLC*, 404 S.W.3d 115, 124 (Tex. App.—Houston [1st Dist.] 2013, no pet.). In making credibility determinations, however, the fact-finder "cannot ignore undisputed testimony that is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted." *City of Keller*, 168 S.W.3d at 820. The fact-finder thus is not "free to believe testimony that is conclusively negated by undisputed facts." *Id.*

*Damages*

As a preliminary matter, Norma contends that Virginia did not plead to recover the interest due on the outstanding loans. A judgment must conform to the pleadings of the case. *Khalaf v. Williams*, 814 S.W.2d 854, 858 (Tex. App.—Houston [1st Dist.] 1991, no writ). In the absence of special exceptions, we construe the petition liberally in the pleader's favor. *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993). In determining whether the judgment conforms to the pleadings, we must view the pleadings as a whole. *Khalaf*, 814 S.W.2d at 858. A general prayer for relief will support any relief raised by the evidence that is

consistent with the allegations and causes of action stated in the petition. *Salomon v. Lesay*, 369 S.W.3d 540, 553 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *Nelson v. Najm*, 127 S.W.3d 170, 177 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Khalaf*, 814 S.W.2d at 858.

Virginia sued to recover the balance of the loans that she had made to Norma, and she presented evidence that that the parties agreed that Norma would pay interest on the debt. Virginia also alleged in her pleadings that Norma owed both principal and interest. Virginia's pleadings include a general prayer for relief. Her claim for interest is consistent with a claim to recover the outstanding balance of the loan. Accordingly, we hold that the pleadings support the trial court's award of unpaid interest as well as the principal of the loans. *See Nelson*, 127 S.W.3d at 177.

Norma further contends that Virginia presented insufficient evidence to support her claim that a ten percent interest rate applied to the loans, and that the trial court thus improperly calculated damages using this rate.

The parties presented conflicting evidence about whether interest accrued on the loans and in what amounts. Virginia testified that the loans were subject to a ten percent interest rate that began at the time she loaned Norma the money, but she acknowledged that she applied a 3.14% interest rate on one of the loans when Norma's husband was unemployed. Virginia also produced the 2006 letter from

6

Norma to Virginia in which Norma acknowledged her debt, the interest owed, and her intent to pay that amount, as well as Norma's corrections to an amortization schedule that Virginia had sent to Norma.

Norma challenged Virginia's testimony. Norma testified that she was unaware of any interest owed on the loans. Inconsistent with this testimony, however, Norma introduced a letter from Virginia that provides that the interest on one of the loans was 3.14% from December 1991 to May 1993, and that after that, the interest rate changed to ten percent.

Virginia proffered monthly amortization schedules documenting the interest that had accrued and the payments that Norma had made on the loans. The schedules apply a ten percent interest rate to the loans from the date each loan was made—January 1990 for the $9,707.43 loan and April 1992 for the $8,000.00 loan—until November 2007, when Virginia filed this suit, save a 3.14% interest rate on one loan from December 1991 to May 1993.

The trial court thus heard conflicting evidence about whether interest had accrued on the loans and at what rate. The trial court's awards of $36,174.47 and $41,709.45 fall within the range contemplated by the two sets of amortization and payment tables proffered as evidence. Because the trial court's damages awards were within the range of evidence presented at trial, they are supported by sufficient evidence. *See Duggan v. Marshall*, 7 S.W.3d 888, 893 (Tex. App.—

7

Houston [1st Dist.] 1999, no pet.).

*Attorney's fees*

Norma next challenges the sufficiency of the evidence to support the attorney's fees award, contending that Virginia produced no evidence to support the amount of attorney's fees or to show that Virginia properly presented the claim to her. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.002 (West 2008). Section 38.001(8) of the Civil Practice and Remedies Code provides that a party may recover reasonable attorney's fees if its claim is for "an oral or written contract." *Id.* § 38.001(8). To recover attorney's fees under that provision, a claimant must: (1) be represented by an attorney; (2) present the claim to the opposing party or to a duly authorized agent of the opposing party; and (3) show that payment was not tendered before the expiration of the 30th day after the claim was presented. *Id.* § 38.002(1)-(3). Section 38.002(2) requires presentment of the debt to allow the debtor an opportunity to pay the debt before incurring an obligation to pay attorney's fees. *Panizo v. YMCA*, 938 S.W.2d 163, 168 (Tex. App.—Houston [1st Dist.] 1996, no writ).

Attorney's fees must be both reasonable and necessary. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). In her December 2006 letter, Virginia details the outstanding balances of the loans and interest rates. Virginia requests that Norma "settle this obligation immediately." We hold that the December 2006

8

letter was a proper presentment of the claim. *See Standard Constructors, Inc. v. Chevron Chem. Co.*, 101 S.W.3d 619, 627 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

Virginia nonetheless cannot recover her fees based on this record, because she did not prove them at trial. Virginia points to a fee request attached in the appendix to her brief to support the award of attorney's fees, but this request was not before the trial court. Thus, we cannot consider it on appeal. *See Samara v. Samara*, 52 S.W.3d 455, 456 n.1 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (refusing to consider document attached to brief because it was not part of appellate record). Because the record contains no evidence of reasonable and necessary attorney's fees, the trial court erred in awarding them.

*Interest*

Finally, Norma challenges the trial court's award of interest, contending that Virginia failed to prove the date the account became due and that post-judgment interest of ten percent is excessive. We address each in turn.

Prejudgment interest accrues on the earlier of the 180th day after the defendant receives written notice of a claim or the date the suit is filed. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 531 (Tex. 1998); *see* TEX. FIN. CODE ANN. § 304.104 (West 2006).

The trial court awarded prejudgment interest in the amount of $34,503.64,

based on a ten percent interest rate from the date Virginia filed the lawsuit until the date of judgment. Norma contends that the award of actual damages included interest. But the actual damages award reflects the total balance of the loans and interest accrued until November 2007, when Virginia filed this suit; the pre-judgment interest covers the time period from the date the suit was filed to the date of judgment. *See* TEX. FIN. CODE ANN. § 304.104 (West 2006).

Norma also maintains that the trial court's award of post-judgment interest in the amount of ten percent is excessive, and suggests that the proper amount is five percent. Post-judgment interest on a contract that provides for interest is set at the lesser of the rate specified in the contract or eighteen percent per year. *Id.* § 304.002. Because the trial court determined that the interest on the promissory note was ten percent, the trial court properly awarded post-judgment interest at ten percent. *See id.*

*Statute of Limitations*

Finally, Norma contends that limitations bars Virginia's suit. When an appeals court remands a case and its decision clearly limits the subsequent trial to a particular issue, the trial court is restricted on remand to a determination of that issue. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986); *In re Henry*, 388 S.W.3d 719, 726-27 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). On the previous appeal in this case from the trial court's summary judgment, we held that

limitations did not bar Virginia's suit. *See David*, 2011 WL 1326222, at *1. Because our first opinion disposed of Norma's statute-of-limitations contention, we do not consider it again. *See Hudson*, 711 S.W.2d at 630.

## Conclusion

We hold that sufficient evidence supports the trial court's judgment, but not the award of attorney's fees. We therefore modify the judgment to delete the award for attorney's fees, and affirm as modified.



Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.